PER CURIAM.
While a participant in the Department of Corrections supervised community release program, the appellant left his approved residence, his mother’s house. For this behavior, he was charged with and convicted of escape, in violation of section 944.40, Florida Statutes (1987). The appellant correctly contends that since he was not in confinement, he should not have been charged with escape.
The escape statute states:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony....
§ 944.40, Fla.Stat. (1987).
The offense requires that the defendant be confined. Here, the appellant had been released from state prison into the supervised community release program authorized by section 945.091, Florida Statutes (1987). Section 945.091(l)(d) states that “fwjhile in a supervised release status, the inmate shall not be considered to be in the care and custody of the department or in confinement, extended or otherwise.” It is clear that the program is not a confinement and is more akin to community control. Since the appellant was not confined, he could not escape. We note that while prosecution for escape is not authorized, the Department of Corrections has the authority, and exercised it here, to terminate an inmate’s participation in the release program and to return the inmate to a confinement facility.
Accordingly, the conviction is reversed and the judgment and sentence are vacated.
CAMPBELL, A.C.J., and LEHAN and THREAD GILL, JJ., concur.