PER CURIAM.
By way of a Motion to Correct Illegal Sentence brought pursuant to Rule 3.800, Fla.R.Crim.P., appellant Daniel Hilbert seeks to challenge the validity of his 1990 conviction and sentence for escape. Based upon the holding of Munn v. State, 573 So.2d 439 (Fla. 2d DCA 1991), Hilbert argues that where he was in a supervised release status and not confined as that term is defined in section 945.091(l)(d), Florida Statutes (1989),[1] he could not properly be convicted of escape. We find that Hilbert’s challenge to the validity of his conviction for escape must be properly treated as a motion *896 for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P. rather than Rule 3.800 which confines itself to relief from illegal sentences. See Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992); Judge v. State, 596 So.2d 73, 76-77 (Fla. 2d DCA) (en banc), rev. denied, 613 So.2d 5 (Fla.1992). Hence, since this is really a 3.850 motion to vacate a 1990 conviction based upon Hilbert’s claim of innocence to the escape charge, we find that it is time-barred because it was filed more than two years after the conviction became final; the defendant was sentenced on November 4, 1990, but did not file his motion until March 22, 1995. We further note that the motion does not qualify as an exception to the two year time-bar. See Rule 3.850(b), Fla. R.Crim.P.
Affirmed.

. Section 945.091(l)(d) states in pertinent part that "[w]hile in a supervised release status, the inmate shall not be considered to be in the care and custody of the department or in confinement, extended or otherwise."