754 So.2d 84 (2000)
STATE of Florida, Appellant,
v.
Eric Wayne SPRIGGS, Appellee.
No. 4D99-2047.
District Court of Appeal of Florida, Fourth District.
March 8, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellant.
Kelly V. Landers of The Law Offices of Kelly V. Landers, P.A., West Palm Beach, for appellee.
PER CURIAM.
Reversed. The state contends that the trial court erred in resentencing appellee pursuant to his 3.800 motion. We agree. A rule 3.800(a) motion to correct an illegal sentence is not the proper vehicle for challenging a sentence on the basis that it violates the constitutional prohibition against cruel and unusual punishment. See State v. Smith, 360 So.2d 21, 23 (Fla. 4th DCA), cert. denied, 366 So.2d 885 (Fla. 1978). Moreover, in determining that appellant's sentence violated the constitutional guarantee against cruel and unusual punishment, the trial court failed to apply the proportionality analysis required by Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983). See also Long v. State, 558 So.2d 1091, 1092 (Fla. 5th DCA 1990). Finally, the trial judge openly doubted that he would find much case law on the issue. However, the court was probably unaware of Hale v. State, 630 So.2d 521, 525-26 (Fla. 1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), which is instructive on the issue of whether a noncapital sentence constitutes cruel or unusual punishment.
WARNER, C.J., SHAHOOD and GROSS, JJ., concur.