816 So.2d 773 (2002)
Eric M. COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1333.
District Court of Appeal of Florida, Second District.
May 10, 2002.
PER CURIAM.
Eric Cook appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Cook has sought relief not available through a rule 3.800 motion, we affirm.
Cook pleaded no contest to one count of sale of cocaine within 1000 feet of a church and one count of possession of cocaine within 1000 feet of a church. The trial court subsequently sentenced Cook as a habitual felony offender. In his rule 3.800 motion, Cook asserts that he was not advised of the State's intent to seek habitual felony offender sentencing before he entered his plea and that the State never provided him with written notice of its intent to seek such enhanced sentencing. Therefore, according to Cook, his habitual felony sentence is illegal. The trial court denied Cook's motion on the basis that *774 Cook's challenge was not to the substance of the sentence itself but, rather, was to the procedural process used in imposing the sentence. The trial court found that this type of challenge was inappropriate in the context of a rule 3.800 motion. This appeal followed.
[A] habitual offender sentence is illegal for purposes of rule 3.800(a) only if: (1) the terms or conditions of the sentence exceed those authorized by section 775.084 for the adjudicated offense, or (2) a prior offense essential to categorize the defendant as a habitual offender does not actually exist.
Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1991) (en banc). The proper vehicle to challenge the State's alleged failure to properly seek habitual felony offender sentencing is a motion pursuant to Florida Rule of Criminal Procedure 3.850. Id.
In this case, Cook does not deny that his habitual felony offender sentence is within the sentencing range provided by section 775.084, Florida Statutes (2001). Cook also does not deny that he had the qualifying predicate offenses for habitual felony offender sentencing. Because Cook's allegations do not establish that his habitual felony sentence is illegal for purposes of rule 3.800, the trial court properly denied the motion.
While we affirm the trial court's order in this case, our affirmance is without prejudice to any right Cook may have to file a properly sworn motion pursuant to rule 3.850 addressing this issue. Such motion shall not be considered successive.
Affirmed.
PARKER, SALCINES, and STRINGER, JJ., Concur.