880 So.2d 726 (2004)
Charles BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-131.
District Court of Appeal of Florida, Second District.
May 21, 2004.
Rehearing Denied June 30, 2004.
*727 ALTENBERND, Chief Judge.
Charles Boyd appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On June 8, 1994, a jury convicted Mr. Boyd of attempted second-degree murder with a deadly weapon. The trial court sentenced Mr. Boyd to seventeen years in prison. Mr. Boyd appealed, and this court affirmed his judgment and sentence in 1995. See Boyd v. State, 662 So.2d 936 (Fla. 2d DCA 1995) (table). On November 12, 1997, Mr. Boyd filed a motion for post-conviction relief pursuant to rule 3.850. The trial court denied the motion, and this court affirmed the denial. See Boyd v. State, 722 So.2d 197 (Fla. 2d DCA 1998) (table).
On November 4, 2003, Mr. Boyd filed this rule 3.800(a) motion, claiming that his sentence is illegal because it was vindictively imposed. He claims that the trial court judge told him at his sentencing hearing in 1994 that he should have taken the seven-year sentence that was offered to him prior to trial. He maintains that the trial court punished him for going to trial by imposing a seventeen-year term of imprisonment. The trial court denied the claim because Mr. Boyd's sentence does not constitute an illegal sentence under Carter v. State, 786 So.2d 1173 (Fla.2001). We agree.
Mr. Boyd's claim of vindictive sentence is not cognizable in a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). A sentence is illegal for purposes of rule 3.800(a) if it imposes punishment that no judge could possibly impose for the charged crime under the entire body of sentencing statutes without regard to the underlying factual circumstances. See Carter, 786 So.2d at 1181. In 1994, attempted second-degree murder with a deadly weapon was a first-degree felony that allowed a trial judge to impose a sentence well in excess of seventeen years' imprisonment. See §§ 777.04(4)(d), 782.04(2), 775.087(1)(b), 775.082(3)(b), Fla. Stat. (1993). Thus, Mr. Boyd's sentence is not illegal for purposes of rule 3.800(a) even if the trial court's actions were vindictive.
In Wilson v. State, 845 So.2d 142 (Fla.2003), the Florida Supreme Court recently clarified the test to consider when determining on direct appeal whether a sentence may be vindictive because the trial court judge participated in pretrial *728 plea negotiations.[1] Certain conduct by the trial judge creates a presumption of vindictiveness. When a defendant establishes the existence of this presumption, the burden then shifts to the State to rebut the presumption with "affirmative evidence on the record." Id. at 156. This type of analysis is not applicable in a rule 3.800(a) proceeding and should have been addressed at an earlier stage.
Therefore, we hold that an allegedly vindictive sentence that is not otherwise illegal under the rule announced in Carter is not a sentence that may be re-examined by way of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[2]
Affirmed.
DAVIS and WALLACE, JJ., concur.
NOTES
[1] We note that it is not clear from Mr. Boyd's motion that the trial judge in this case participated in negotiations or whether the judge was merely aware of negotiations that had occurred between counsel.
[2] We are uncertain whether our decision conflicts with the Third District's recent decision in Smith v. State, 842 So.2d 1047 (Fla. 3d DCA 2003). That decision involves a recent sentencing hearing, and the motion may have been filed pursuant to rule 3.800(b).