877 So.2d 795 (2004)
Ricardo L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-843.
District Court of Appeal of Florida, Fifth District.
July 2, 2004.
Ricardo L. Johnson, Chipley, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagen, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Defendant, Ricardo Lopez Johnson, appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. *796 Because the trial court erroneously found that Defendant's motion was based on an identical issue previously raised on direct appeal and thus barred by the law of the case, we reverse.
Defendant initially entered an open no contest plea. Although the State argued that Defendant should be sentenced as a habitual felony offender, the trial judge imposed a straight ten-year sentence. Defendant later successfully moved to withdraw his plea and was tried and convicted before a different judge. This judge sentenced Defendant to thirty years as a habitual violent felony offender, with a ten-year minimum mandatory term. Defendant appealed, arguing that the sentence imposed was retaliatory and vindictive in light of his earlier ten-year sentence. His argument was rejected and his conviction and sentence were affirmed by this court. See Johnson v. State, 703 So.2d 486 (Fla. 5th DCA 1997). Defendant then launched the instant collateral attack. He alleged in his rule 3.800(a) motion that after he was allowed to withdraw his plea, the new judge, who had participated in plea negotiations resulting in the rejected ten-year plea offer, then sentenced him to the much harsher habitual violent felony offender sentence. Accordingly, Defendant claimed that his new sentence was vindictive.
The issue asserted in the 3.800(a) motion is cognizably distinct from the issue raised on direct appeal. The direct appeal involved an open plea before one judge and a harsher sentence imposed by a different judge after the plea was withdrawn and Defendant was tried. The instant 3.800(a) motion, on the other hand, challenged a sentence imposed by a judge who participated in failed plea negotiations. Therefore, the issue raised in the rule 3.800(a) motion is not barred by the law of the case. See State v. McBride, 848 So.2d 287, 289-90 (Fla.2003) (observing that questions of law actually decided on appeal constitute the law of the case through all subsequent proceedings); see also Ferro v. State, 782 So.2d 948 (Fla. 5th DCA 2001) (holding that rule 3.800(a) motion should not have been denied as successive where precise issue argued had not been previously raised). "`[W]hen the judge has been involved in the plea negotiation and then later imposes a harsher sentence [than the one contemplated in the failed negotiations], the sentence is presumed to be vindictive'" and the "`presumption may be overcome only if the record affirmatively demonstrates that the defendant's insistence on a trial was given no consideration at sentencing.'" Harris v. State, 845 So.2d 329, 330 (Fla. 2d DCA 2003) (quoting McDonald v. State, 751 So.2d 56, 58 (Fla. 2d DCA 1999)). A review of the totality of the circumstances is required to determine whether the harsher sentence is vindictive. See Wilson v. State, 845 So.2d 142 (Fla.2003).
As the trial court in this case incorrectly denied the motion as barred by the law of the case, the order denying Defendant's rule 3.800(a) motion is reversed and the case is remanded for consideration of Defendant's motion in light of the totality of the circumstances.
REVERSED and REMANDED.
SAWAYA, C.J., PETERSON and MONACO, JJ., concur.