884 So.2d 376 (2004)
Robert EY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-98.
District Court of Appeal of Florida, Second District.
September 10, 2004.
PER CURIAM.
Affirmed. See Gipson v. State, 616 So.2d 992 (Fla.1993); Boyd v. State, 880 So.2d 726 (Fla. 2d DCA 2004); McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003); Sigafoos v. State, 825 So.2d 529 (Fla. 2d DCA 2002); Cook v. State, 816 So.2d 773 (Fla. 2d DCA 2002); Caraballo v. State, 805 So.2d 882 (Fla. 2d DCA 2001); Shaw v. State, 780 So.2d 188 (Fla. 2d DCA 2001); State v. Spriggs, 754 So.2d 84 (Fla. 4th DCA 2000).
After this court held in Boyd that a claim of vindictive sentencing is not raisable in a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), the Fifth District Court of Appeal in Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004), reversed a circuit court order denying a rule 3.800(a) motion and remanded for consideration of the claim of vindictive sentencing raised in the motion. We certify direct conflict with Johnson.
Also as this court did in McCall, we certify direct conflict with Richardson v. State, 28 Fla. L. Weekly D1716, ___ So.2d ___, 2003 WL 21697171 (Fla. 4th DCA July 23, 2003). This affirmance is without prejudice to any right Mr. Ey might have to file with the circuit court a timely and facially sufficient sworn motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 or to file with this court a timely and facially sufficient sworn petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(c).
Affirmed; conflict certified.
FULMER, COVINGTON, and VILLANTI, JJ., Concur.