884 So.2d 1086 (2004)
Rodolfo G. ORTIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1230.
District Court of Appeal of Florida, Third District.
October 20, 2004.
Rodolfo G. Ortiz, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.

ON MOTION FOR REHEARING DENIED
RAMIREZ, J.
Rodolfo G. Ortiz has moved for rehearing of our per curiam affirmance of the trial court's order denying his motion to correct an illegal sentence pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. He claimed in his motion that his sentence was illegal because it violated due process in that the sentence imposed was vindictive. He alleged that before the start of trial, the court asked the State what was the plea offer. The State responded by explaining what their offer was before trial and what it would be requesting if Ortiz was convicted.
Ortiz relies on Wilson v. State, 845 So.2d 142, 156 (Fla.2003), which condemned judicial participation in plea negotiations followed by a harsher sentence. Ortiz's motion, however, fails to allege judicial participation in any plea negotiations. In denying his motion, the trial court explained that the plea offer was made by the State, not the judge.
*1087 In his motion for rehearing before us, Ortiz argues that the trial judge participated in the negotiations, but he has not produced any evidence to corroborate his allegation. To raise an "illegal sentence" claim under rule 3.800(a) of the Rules of Criminal Procedure, 1) the error must have resulted in an illegal sentence, 2) the error must appear on the face of the record, and 3) the motion must affirmatively allege that the court records demonstrate on their face an entitlement to relief. Jackson v. State, 803 So.2d 842, 844 (Fla. 1st DCA 2001). This third requirement would necessitate more than mere conclusory allegations, but must, at a minimum, show how and where the record demonstrates an entitlement to relief. Id.
Ortiz has neither alleged nor has he attached any documentary proof that the judge participated in any plea negotiations. Therefore, as the trial court explained, there would be no factual basis for a finding of vindictiveness.
Rehearing is denied.