891 So.2d 618 (2005)
Lacce WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2789.
District Court of Appeal of Florida, Third District.
January 26, 2005.
Lacce Wright, in proper person.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before LEVY, C.J., COPE, and GREEN, JJ.
PER CURIAM.
We affirm the denial of the defendant's motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) finding that his claim of vindictive sentencing cannot be raised in a motion to correct illegal sentence. See Boyd v. State, 880 So.2d 726 (Fla. 2d DCA 2004). We certify direct conflict with Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004).
Affirmed; direct conflict certified.
LEVY, C.J., and GREEN, J., concur.
COPE, J. (concurring).
I agree. This court has previously held that a claim of vindictive sentencing cannot be raised in a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Valencia v. State, 645 So.2d 1085 (Fla. 3d DCA 1994).
There are two more recent cases which addressed vindictive sentencing claims which had been brought under Rule 3.800(a), but both are distinguishable.
In Ortiz v. State, 884 So.2d 1086 (Fla. 3d DCA 2004), this court issued an opinion denying a claim of vindictive sentencing which had been brought under Rule 3.800(a). There is no indication that any procedural objection was raised to the use of Rule 3.800(a) in that case, and the procedural issue was not discussed in the Ortiz opinion.
In Smith v. State, 842 So.2d 1047 (Fla. 3d DCA 2003), this court issued an opinion which granted relief on a vindictive sentencing claim which had been brought under Rule 3.800(a). Again, there is no indication that any procedural objection was raised to the use of Rule 3.800(a) in that case, and the panel opinion did not discuss the procedural issue. A review of this court's file in Smith indicates that the Rule 3.800(a) motion was filed within the two-year time limit for a motion under Florida Rule of Criminal Procedure 3.850. Since the Rule 3.800(a) motion could have been treated as a timely Rule 3.850 motion, the procedural error had no practical significance in that case.
In this case the appellant's conviction became final on direct appeal in 1998. See Wright v. State, 710 So.2d 76 (Fla. 3d DCA 1998). Since under this court's precedent the motion cannot be entertained under Rule 3.800(a), and since the motion is time-barred if considered under Rule 3.850, it follows that affirmance is in order here.