896 So.2d 807 (2005)
Evans REESE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2957.
District Court of Appeal of Florida, Third District.
February 9, 2005.
Evans Reese, in proper person.
Charles J. Crist, Jr., Attorney General, and Erin Kinney, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ and WELLS, JJ.
COPE, J.
Evans Reese appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant was convicted of armed robbery. The conviction was affirmed in 1996. See Reese v. State, 683 So.2d 645 (Fla. 3d DCA 1996).
By motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), the defendant argues that he was vindictively sentenced. The trial court correctly denied the motion because a vindictive sentencing claim cannot be brought by a motion to correct illegal sentence under Rule 3.800(a). Wright v. State, 891 So.2d 618 (Fla. 3d DCA 2005); Valencia v. State, 645 So.2d 1085 (Fla. 3d DCA 1994); see also Boyd v. State, 880 So.2d 726 (Fla. 2d DCA), rev. denied, 888 So.2d 621 (Fla.2004).
We comment briefly on two recent cases from this court which addressed vindictive sentencing claims which had been brought *808 under Rule 3.800(a). Both cases are distinguishable.
In Ortiz v. State, 884 So.2d 1086 (Fla. 3d DCA 2004), this court issued an opinion denying a claim of vindictive sentencing which had been brought under Rule 3.800(a). There is no indication that any procedural objection was raised to the use of Rule 3.800(a) in that case, and the procedural issue was not discussed in the Ortiz opinion.
In Smith v. State, 842 So.2d 1047 (Fla. 3d DCA 2003), this court issued an opinion which granted relief on a vindictive sentencing claim which had been brought under Rule 3.800(a). Again, there is no indication that any procedural objection was raised to the use of Rule 3.800(a) in that case, and the panel opinion did not discuss the procedural issue. A review of this court's file in Smith indicates that the Rule 3.800(a) motion was filed within the two-year time limit for a motion under Florida Rule of Criminal Procedure 3.850. Since the Rule 3.800(a) motion could have been treated as a timely Rule 3.850 motion, the procedural error had no practical significance in that case.
In this case the defendant's conviction became final on direct appeal in 1996. Since under this court's precedent the motion cannot be entertained under Rule 3.800(a), and since the motion is time-barred if considered under Rule 3.850, it follows that affirmance is in order here.
We certify direct conflict with Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004). See Wright v. State, 891 So.2d at 618.
Affirmed; direct conflict certified.