897 So.2d 495 (2005)
Timothy Anton TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1946.
District Court of Appeal of Florida, Third District.
February 23, 2005.
Timothy A. Taylor, in proper person.
*496 Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before COPE, WELLS and SHEPHERD, JJ.
COPE, J.
Timothy Anton Taylor appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Taylor was convicted of second degree murder, two counts of attempted second degree murder, and shooting into an unoccupied vehicle.[1] The convictions and sentences were affirmed on appeal in 1995. Taylor v. State, 659 So.2d 1202 (Fla. 3d DCA 1995).
In 2004, the defendant filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). He argued that the trial court had vindictively sentenced him. A successor judge denied the motion and the defendant has appealed.[2]
This court has previously held that a claim of vindictive sentencing cannot be raised by a Rule 3.800(a) motion. "It is clear that a claim of error leading up to the imposition of sentence does not render the sentence `illegal' for purposes of Rule 3.800(a)." Valencia v. State, 645 So.2d 1085 (Fla. 3d DCA 1994) (citing State v. F.G., 630 So.2d 581, 583 (Fla. 3d DCA 1993), opinion adopted, 638 So.2d 515 (Fla.1994)) (citation omitted). See also Wright v. State, 891 So.2d 618, No. 3D04-2789 (Fla. 3d DCA opinion filed Jan. 26, 2005); Ey v. State, 884 So.2d 376 (Fla. 2d DCA 2004); Boyd v. State, 880 So.2d 726, 727-28 (Fla. 2d DCA), rev. denied, 888 So.2d 621 (Fla.2004).
We comment briefly on two recent cases from this court which addressed vindictive sentencing claims which had been brought under Rule 3.800(a). Both cases are distinguishable.
In Ortiz v. State, 884 So.2d 1086 (Fla. 3d DCA 2004), this court issued an opinion denying a claim of vindictive sentencing which had been brought under Rule 3.800(a). There is no indication that any procedural objection was raised to the use of Rule 3.800(a) in that case, and the procedural issue was not discussed in the Ortiz opinion.
In Smith v. State, 842 So.2d 1047 (Fla. 3d DCA 2003), this court issued an opinion which granted relief on a vindictive sentencing claim which had been brought under Rule 3.800(a). Again, there is no indication that any procedural objection was raised to the use of Rule 3.800(a) in that case, and the panel opinion did not discuss the procedural issue. A review of this court's file in Smith indicates that the Rule 3.800(a) motion was filed within the two-year time limit for a motion under Florida Rule of Criminal Procedure 3.850. Since the Rule 3.800(a) motion could have been treated as a timely Rule 3.850 motion, the procedural error had no practical significance in that case.
The Valencia decision continues to be controlling. Rule 3.800(a) cannot be used to raise a postconviction claim of vindictive sentencing. The Rule 3.800(a) motion was properly denied.
Treating the defendant's motion as a motion under Florida Rule of Criminal Procedure 3.850, it is time-barred. The defendant's conviction became final in *497 1995. The motion was filed well beyond the time limit for a Rule 3.850 motion.
The Fifth District allows a vindictive sentencing issue to be raised by a Rule 3.800(a) motion. See Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004). We certify direct conflict with Johnson. See Wright, op. at 496; Ey, 884 So.2d at 376 (certifying direct conflict with Johnson).
Affirmed; direct conflict certified.
NOTES
[1] The crime date was December 10, 1992.
[2] Because the trial court clerk did not timely provide the order to the defendant, we conclude that he is entitled to a belated appeal.