PER CURIAM.
Affirmed. See Gipson v. State, 616 So.2d 992 (Fla.1993); State v. McCloud, 577 So.2d 939 (Fla.1991); Castle v. State, 330 So.2d 10 (Fla.1976); Boyd v. State, 880 So.2d 726 (Fla. 2d DCA), review denied, 888 So.2d 621 (Fla.2004); Cook v. State, 816 So.2d 773 (Fla. 2d DCA 2002); Ishmael v. State, 735 So.2d 509 (Fla. 2d DCA 1999); Plowman v. State, 586 So.2d 454 (Fla. 2d DCA 1991); Middleton v. State, 721 So.2d 792 (Fla. 3d DCA 1998).
After this court held in Boyd, 880 So.2d at 728, that a claim of vindictive sentencing is not cognizable in a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), the Fifth District in Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004), reversed a circuit court order denying a rule 3.800(a) motion and remanded for consideration of the claim of vindictive sentencing raised in the motion. We certify direct conflict with Johnson.
Affirmed; conflict certified.
ALTENBERND, C.J., and NORTHCUTT and STRINGER, JJ., Concur.