900 So.2d 672 (2005)
Tony BOUNO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-205.
District Court of Appeal of Florida, Fifth District.
April 8, 2005.
Rehearing Denied May 12, 2005.
Tony Bouno, Clermont, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges the order denying his motion to correct illegal sentence wherein he alleges that he was the victim of a vindictive sentence. The trial court denied the motion as not being cognizable under Florida Rule of Criminal Procedure 3.800(a). We agree and affirm.[1]Reese v. State, 896 So.2d 807 (Fla. 3d DCA 2005); Boyd v. State, 880 So.2d 726 (Fla. 2d DCA 2004), review denied, 888 So.2d 621 (Fla. 2004).
In concluding as we have, we have not overlooked our recent opinion in Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004), wherein we remanded for further consideration a similar claim made pursuant to rule 3.800(a). A review of this court's file in that case, however, reveals that the state never raised the procedural objection that is the basis of our holding today, and that issue was not addressed in the panel opinion. Instead, the only issue addressed in Johnson was whether the lower court had correctly applied the law of the case doctrine. Therefore, our opinion today does not conflict with Johnson. See Reese.
AFFIRMED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] We further note that Appellant's prior unsuccessful motion for postconviction relief under rule 3.850 raised this same claim. Bouno v. State, 827 So.2d 1011 (Fla. 5th DCA 2002). We decline, therefore, to treat Appellant's motion as one asserted under rule 3.850.