909 So.2d 478 (2005)
Orlando MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1832.
District Court of Appeal of Florida, Third District.
August 24, 2005.
Orlando Morales, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, GERSTEN and GREEN, JJ.

On Rehearing Denied
COPE, J.
On consideration of the motion for rehearing, the court withdraws its previous opinion and substitutes the following opinion.
Orlando Morales appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm because a claim of vindictive sentencing cannot be raised by a motion to correct illegal sentence.
Defendant-appellant Morales was convicted of possession of cocaine (count I) and unlawful sale or delivery of cocaine on or near school property (count II). He was sentenced to ten years imprisonment on both counts, with a three year mandatory minimum sentence.
On appeal, this court affirmed the convictions as well as the sentence on count II. Morales v. State, 795 So.2d 231 (Fla. 3d DCA 2001).[1] However, the court reversed the sentence on count I, a third degree felony, because it exceeded the five-year statutory maximum. The court remanded for correction of the sentencing order. On October 25, 2001, the trial court reduced the sentence on count I in accordance with the mandate.
In 2004 the defendant filed the current motion to correct illegal sentence, alleging vindictive sentencing. We have held that a vindictive sentencing claim cannot be *479 brought by a motion to correct illegal sentence under Rule 3.800(a). See Gonzalez v. State, 897 So.2d 551 (Fla. 3d DCA 2005); Taylor v. State, 897 So.2d 495 (Fla. 3d DCA 2005); Reese v. State, 896 So.2d 807 (Fla. 3d DCA 2005); Luma v. State, 895 So.2d 1202 (Fla. 3d DCA 2005); Satahoo v. State, 895 So.2d 1195 (Fla. 3d DCA 2005); Galindez v. State, 892 So.2d 1231 (Fla. 3d DCA 2005); Wright v. State, 891 So.2d 618 (Fla. 3d DCA 2005); Valencia v. State, 645 So.2d 1085 (Fla. 3d DCA 1994); see also Boyd v. State, 880 So.2d 726 (Fla. 2d DCA), review denied, 888 So.2d 621 (Fla. 2004).
The Fifth District has recently announced that it too follows the rule that a claim of vindictive sentencing cannot be raised by a motion to correct illegal sentence under Rule 3.800(a). See Bouno v. State, 900 So.2d 672 (Fla. 5th DCA 2005).[2]
If the defendant's motion is treated as a motion under Florida Rule of Criminal Procedure 3.850, it is time-barred.
Accordingly, we affirm the order denying the Rule 3.800(a) motion.
Affirmed.
NOTES
[1] The published opinion indicates that this was an appeal of the summary denial of a motion to correct illegal sentence. A review of this court's files indicates that the appeal of the denial of the motion to correct illegal sentence (No. 3D01-509) was consolidated with the direct appeal of the defendant's judgment and sentences (No. 3D01-509).
[2] Prior to the announcement of Bouno, this court had been certifying direct conflict on this procedural issue with the Fifth District's earlier decision in Johnson v. State, 877 So.2d 795 (Fla. 5th DCA 2004). See Gonzalez v. State, 897 So.2d at 551; Taylor v. State, 897 So.2d at 497; Reese v. State, 896 So.2d at 808; Luma v. State, 895 So.2d at 1202; Satahoo v. State, 895 So.2d at 1195; Galindez v. State, 892 So.2d at 1231; Wright v. State, 891 So.2d at 618. The Johnson decision appeared to allow a claim of vindictive sentencing to be brought by a Rule 3.800(a) motion. With the announcement of Bouno, it is now clear that all of the appellate districts are in agreement that a Rule 3.800(a) motion cannot be used to raise a vindictive sentencing claim. Thus a certification of direct conflict in this case is unnecessary.