934 So.2d 541 (2006)
Wilfredo CALZADA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-494.
District Court of Appeal of Florida, Third District.
May 24, 2006.
*542 Wilfredo Calzada, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Wilfredo Calzada ("Calzada"), appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). While we affirm the order on review as it pertains to the defendant's claim of vindictive sentencing, we remand this matter to the trial court to allow it to rule on the remaining arguments raised in the defendant's motion which were not addressed in its order.[1]
In the defendant's motion to correct illegal sentence, the defendant made several claims, including that the trial court imposed a vindictive sentence. In support of this claim, the defendant quotes several statements made by the trial judge who conducted his trial.
The trial court denied the motion. The language contained in the trial court's order suggests that the trial court treated the defendant's motion to correct illegal sentence as a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In an abundance of caution, we will address the motion as if it was either filed under Rule 3.800(a) or Rule 3.850.
First, "a claim of vindictive sentencing cannot be raised by a Rule 3.800(a) motion." Taylor v. State, 897 So.2d 495 (Fla. 3d DCA 2005). Next, if the motion was filed pursuant to Rule 3.850, the trial court properly denied the motion because the defendant's claim of vindictive sentence was actually raised on direct appeal and decided on the merits. On February 5, 2002, the defendant filed his direct appeal with this court, raising the following issue: "Whether the trial court imposed an improper and vindictive sentence upon the appellant, after the appellant rejected the pretrial plea offer endorsed and actively advocated by the trial court." Moreover, in support of this contention, the defendant quotes certain statements made by the trial judge who conducted his trial, which happen to be the same statements that the defendant quotes in his present motion. Thereafter, on August 13, 2003, this court affirmed the defendant's sentence without a written opinion, Calzada v. State, 852 So.2d 241 (Fla. 3d DCA 2003), and on August 29, 2003, issued a mandate. We, therefore, conclude that the trial court properly denied the defendant's motion as it pertains to his claim of vindictive sentencing.
Although we find no error in the trial court's denial of the defendant's motion as it relates to the defendant's claim of vindictive sentencing, we nonetheless remand this case to the trial court to allow it to address the remaining issues raised in the defendant's motion, which were not ruled on by the trial court.
*543 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] In addition to the claim of vindictive sentencing, the defendant also raised the following claims in his motion: that his life sentence is unconstitutional; that his conviction for kidnapping is illegal; that his convictions for kidnapping and home invasion robbery constitute double jeopardy; and that the stacking of minimum mandatory sentences is illegal.