THOMPSON, J.
Ricardo L. Johnson appeals the summary denial of his third rule 3.800(a) motion to correct an illegal sentence directed at Seminole County case number 99-3985-CFA. The trial court denied Johnson’s motion as successive and we affirm. In order to conserve judicial resources, we further hold that Johnson is barred from filing any future pro se pleadings concerning Seminole County case number 99-3985-CFA on the basis that his prior pleadings constitute an abuse of process and “[ejnough is enough.” Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995).
Johnson’s current rule 3.800(a) motion alleged that his sentence in case number 99-3985-CFA was vindictively imposed by the trial judge. Johnson, however, made the same assertion in both his first and second rule 3.800(a) motions, which were denied by the trial court and affirmed by this Court on appeal.[1] See Johnson v. State, 875 So.2d 633 (Fla. 5th DCA 2004) (table); Johnson v. State, 928 So.2d 461 (Fla. 5th DCA 2006). Notably, in denying his second rule 3.800(a) motion as successive, the trial court also noted that vindictive sentencing claims are not cognizable in a rule 3.800(a) proceeding. See Bouno v. State, 900 So.2d 672 (Fla. 5th DCA 2005).
In response to this Court’s show cause order, issued pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), Johnson argues that his claim of vindictiveness in the instant motion was qualitatively different than his prior vindictiveness claims. What Johnson fails to recognize is that no vindictive sentencing claim is cognizable in a rule 3.800(a) proceeding. See Bouno.
Accordingly, we prohibit Johnson from filing any further pro se pleadings with this court directed at Seminole County case number 99-3985-CFA. We direct the Clerk of this Court to summarily reject any further such pro se pleadings unless they are filed by a member in good standing of The Florida Bar.
AFFIRMED; Future Pro Se Filings PROHIBITED.
PLEUS, C.J. and ORFINGER, J., concur.

. We also take judicial notice of our own records which, demonstrate that Johnson raised the same vindictive sentencing claim before the trial court in a petition for writ of certiorari, which was dismissed by the trial court and affirmed by this Court on appeal. See Johnson v. State, 894 So.2d 261 (Fla. 5th DCA 2005) (table).