WALLACE, Judge.
Julio Mercado challenges a final order that denied his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his postconviction motion, Mr. Mercado asserted eight grounds for relief based on ineffective assistance of counsel and one ground claiming that his sentence was illegal. The postconviction court summarily denied some of the grounds raised and denied others after an evidentiary hearing. Except for three of the claims, we affirm without comment the postconviction court’s denial of Mr. Mercado’s motion in all respects.
In ground seven, Mr. Mercado alleged that his trial counsel provided ineffective assistance because counsel did not renew all previous objections and did not move for a new trial. But Mr. Mercado failed to allege specific facts to support this claim. In particular, Mr. Mercado did not explain what objections should have been renewed or what grounds would have supported a motion for a new trial. Consequently, the postconviction court summarily denied this claim as legally insufficient. We agree that the claim was legally insufficient. See Kennedy v. State, 547 So.2d 912, 913 (Fla.1989) (“A defendant may not simply file a motion for postcon-viction relief containing conclusory allegations that his or her trial counsel was ineffective and then expect to receive an evidentiary hearing.”). However, in light of the recent opinion in Spera v. State, 971 So.2d 754 (Fla.2007), we reverse the summary denial of ground seven and remand with instructions to strike that claim with leave to amend within a specific period of time in accordance with Spera. See Jimenez v. State, 993 So.2d 553, 556 (Fla. 2d DCA 2008).
In ground three, Mr. Mercado claimed that his sentence was illegal because (1) the jury did not make a specific finding to support a sentence enhancement, (2) the trial court did not consider several mitigating factors, and (3) one of his charges was improperly classified. The postconviction court denied this claim as it relates to the jury’s failure to make a specific finding to support a sentence enhancement, but it did not rule on the remaining portions of the claim. The post-conviction court also did not rule on ground nine, where Mr. Mercado alleged *124 that his trial counsel was ineffective for failing to object during voir dire. We find no error in the postconviction court’s denial of Mr. Mercado’s motion as it relates to his claim that the jury did not make a specific finding to support a sentence enhancement. Nevertheless, we remand this case to allow the postconviction court to address the remaining issues raised in grounds three and nine that were not the subject of a ruling. See Kafus v. State, 933 So.2d 1267, 1267 (Fla. 2d DCA 2006); Calzada v. State, 934 So.2d 541, 542 (Fla. 3d DCA 2006).
Affirmed in part, reversed in part, and remanded with directions.
KHOUZAM and MORRIS, JJ., Concur.