RAMIREZ, C.J.
Javier Rivas seeks the issuance of a writ of prohibition to prevent the trial court from vacating Rivas’ life sentence and from conducting a penalty phase proceeding pursuant to section 921.141, Florida Statutes (2008). For the following reasons, we grant Rivas’ petition for a writ of prohibition.
Rivas was indicted for first degree murder, sexual battery with physical force likely to cause serious personal injury, and burglary with battery. On November 20, 2002, Rivas entered a negotiated plea agreement for life in prison without parole instead of possibly receiving the death penalty. Paragraph eight of the plea agreement required Rivas to refrain from filing post-conviction relief seeking to alter the sentence or invalidate the plea agreement. If the plea agreement was breached, the State reserved the right to declare a violation of the agreement and seek the death penalty by proceeding to the penalty phase.
Almost three years later, on September 21, 2005, Rivas filed a handwritten pro se “Motion to Correct Illegal Sentence,” pursuant to Florida Rule of Criminal Procedure 3.800. Although styled as a “Motion to Correct Illegal Sentence” and submitted pursuant to Florida Rule of Criminal Procedure 3.800, the motion was in reality an untimely rule 3.850 motion because it did not allege that Rivas’ life sentence was illegal. Rivas argued that his indictment was “so vague” that it violated his constitutional rights to be informed of the charges, that defense counsel was ineffective for failing to challenge the defects in the indictment, and that the police questioned him without advising him of his right to remain silent and to counsel. On September 29, 2005, the trial court summarily denied the motion. On October 18, 2005, Rivas filed a pro se Notice of Appeal seeking to appeal the order denying the motion, and on December 21, 2005, this Court per curiam affirmed the trial court’s order denying the motion. See Rivas v. State, 917 So.2d 878 (Fla. 3d DCA 2005). For this, the State is now seeking to have Rivas executed.
On February 9, 2006, the State filed a Motion to Enforce the Plea Agreement and a hearing was held the same day. At the hearing, the trial court concluded that the plea agreement had been breached in material respect because of Rivas’ “Motion to Correct Illegal Sentence” and ordered the State to proceed to the penalty phase. Rivas’s counsel argued that Rivas’ actions did not constitute a material breach of the plea agreement because the legal issue raised by the motion was now final and closed. Accordingly, allowing the State to proceed to a penalty phase would re-open the case in a substantial way. Counsel *156 indicated that Rivas’ motion was filed because a “jailhouse lawyer” convinced Rivas that there were “mistakes” in his case, and Rivas went along with the jailhouse lawyer’s advice without thinking of the consequences. Furthermore, the record indicates that Rivas did not speak English, and his counsel stated that Rivas was not particularly literate, and was unsure of Rivas’ intellectual capabilities.
On December 15, 2008, Rivas, through counsel, filed a “Motion to Dismiss On Grounds Of Double Jeopardy Or Lack Of Subject Matter Jurisdiction, Motion To Strike Defendant’s Motion To Correct Illegal Sentence As Untimely And Motion To Vacate Court’s Order Dated February 23, 2006.” On July 9, 2009, a hearing was held on the motion. The State acknowledged that Rivas’ motion was in substance a rule 3.850 motion and not a rule 3.800 motion. The State also agreed that, as a rule 3.850 motion, Rivas’ motion “could be” time barred, and that a response to Rivas’ motion was never filed. Rivas’ counsel argued that the motion was a legal nullity and could not have constituted a material breach of the plea agreement because the motion was, in substance, an untimely rule 3.850 motion. The trial court denied Rivas’ motion to dismiss, and this appeal followed.
We agree with Rivas that the trial court lacks jurisdiction to vacate Rivas’ life sentence and proceed to the sentencing phase under section 921.141, Florida Statutes (2008). Rivas’ act of filing his pro se motion and later appealing its denial did not constitute a substantial noncompliance with the plea agreement.
The trial court erroneously applied the standard of “material breach” rather than the “substantial noncompliance.” Rule 3.170(g)(2)(C) mandates that “[n]o plea or sentence shall be vacated unless the court finds that there has been substantial noncompliance with the express plea agreement.” Fla. R.Crim. P. 3.170(g)(2)(C). See also Metellus v. State, 900 So.2d 491 (Fla.2005); McCoy v. State, 599 So.2d 645 (Fla.1992).
The motion filed by Rivas and his subsequent appeal did not constitute substantial noncompliance with the plea agreement because the motion was untimely. The judgment of conviction and sentence was rendered on December 17, 2002, and became final on January 16, 2003. The motion was filed more than two years and eight months from the date of the conviction on September 21, 2005. See Fla. R.Crim. P. 3.850(b). The motion was filed after the expiration of the two-year time limit for filing a rule 3.850 motion, and is not entitled to any exception to the two-year time limit. See Fla. R.Crim. P. 3.850(b); Martell v. State, 676 So.2d 1030 (Fla. 3d DCA 1996) (stating that Rule 3.800 cannot be used to circumvent the strict time requirements of rule 3.850; fact-based challenges that sentences were unlawful must be raised on direct appeal or in rule 3.850 motion and not by way of rule 3.800); Hilbert v. State, 661 So.2d 895 (Fla. 3d DCA 1995) (“A motion to correct an illegal sentence filed pursuant to rule 3.800 challenging the validity of conviction and not the legality of sentence must be properly treated as a motion pursuant to rule 3.850 and not rule 3.800.”). Also, the [mjotion to Correct Illegal Sentence, submitted pursuant to rule 3.800 was in fact and substance an untimely rule 3.850 motion. The motion does not allege that Rivas’ sentence was illegal, which is essential to a rule 3.800(a) motion.
Accordingly, Rivas’ motion was a nullity because there was no real challenge to the finality of this case, and the motion was a de minimis violation of the plea agreement. It would seem that the State would want to make better use of its scarce resources *157 than in trying to put to death an inmate for filing a nugatory post-conviction motion. We grant Rivas’ petition, prohibiting the trial court from vacating Rivas’ life sentence for first-degree murder and from conducting penalty phase proceedings.
Petition for Writ of Prohibition granted.