RAMIREZ, J.
Michel A. Vilorio appeals the denial of a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Vilorio claims that rule 3.800 applies because: (1) there was an improper departure in the sentencing after probation was revoked for case numbers 98-25128 and 00-11290; (2) the scoresheet for case number 00-11290 erroneously included four points under the category of “legal status”; (3) the evidence regarding new offenses was insufficient to cause a probation violation; (4) the testimony heard at the evidentiary hearing was unreliable; (5) the evidence to establish a failure to pay *528 cost to sustain revoking probation was not sufficient; (6) the trial court’s sentence was vindictive; (7) he did not receive the proper credit for time served; and (8) the trial court illegally increased the sentence for case number 98-25128 and violated the principles of double jeopardy. We affirm the denial of the motion as to all claims, except we remand the double jeopardy and credit for time served issues.
In 1998, Vilorio was charged and sentenced in case number 98-25128, to two years of community control and one year of probation, which later became three years of probation. In 2000, he was charged with new offenses in case number 00-11290, that resulted in a violation of his 1998 probation. Pursuant to a plea, both cases were resolved. Vilorio received concurrent sentences to three hundred and sixty-four days in county jail, followed by three years of probation. In September 2002, he was arrested on charges of sexual battery, filed as case number F02-25891. The new charges revoked Vilorio’s probation from his earlier cases and additionally sentenced him to another three hundred and ninety-four days in jail. Vilorio was resentenced on his prior two cases. He was sentenced to fifteen years in prison for violation of probation on case number 00-11290, to be served consecutive to the 1998 sentence. It is unclear from the record what sentence was given to Vilorio for violating probation in case number 98-25128. The docket insert and the written sentence from the revocation hearings reflect the sentence was fifty months, however the transcript from the probation revocation proceedings reads fifteen months.
Vilorio’s first two claims, improper departure and scoresheet error, are not supported by the record. First, the claim of improper departure from the sentencing guidelines is without merit and is refuted by the scoresheets in the record. Second, the scoresheet error claim is unfounded because the record reflects that there were no points in the “legal status” category. Moreover, by using the “could-have-been-imposed” test, the scrivener’s error in the scoresheet results in the same sentencing even if the scoresheet were correctly res-cored. See State v. Anderson, 905 So.2d 111, 112 (Fla.2005) (discussing the application and use of the could-have-been-imposed test).
Vilorio’s third, fourth, and fifth claim all allege an error in sentencing due to the validity of the conviction. We reject these claims because challenging the validity of conviction and not the legality of the sentence are encompassed in a motion pursuant to Florida rule of Criminal Procedure 3.850. See Hilbert v. State, 661 So.2d 895 (Fla. 3d DCA 1995). Therefore, these claims are not within the scope of a rule 3.800 motion. Vilorio’s sixth claim is also not cognizable under a 3.800 motion. See Calzada v. State, 934 So.2d 541, 542 (Fla. 3d DCA 2006) (stating that vindictive sentences cannot be raised by rule 3.800 motions).
While we affirm the denial of the motion to correct illegal sentence for the preceding claims, we remand the double jeopardy and credit for time served issues. On remand, the trial court should require further explanation as to whether the sentence in case number 98-25128 was fifteen months or fifty months, and what change if any, was effectuated in the October 17, 2007 order. Also, on remand, Vilorio is instructed to submit an amended motion regarding the claim for credit for time served on case number 00-11290, since he had not sufficiently plead it in his 3.800 motion, nor is it clear from the record the amount of days he actually served.
Affirmed; remanded with instructions.