On Motion for Rehearing
PER CURIAM.
We deny appellant’s motion for rehearing, withdraw our prior opinion and substitute the following in its place.
Appellant challenges the trial court’s order denying his motion to correct an illegal sentence. He claims that his sentence of thirty years, imposed for carjacking and armed burglary of a conveyance, was vindictive pursuant to North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089 (1969), because it was imposed after a retrial upon the reversal of his original conviction and original sentence of two concurrent terms of fifteen years plus probation.[1] We affirm. A claim of a vindictive sentence cannot be raised in a rule 3.800(a) motion. Reese v. State, 896 So.2d 807, 807 (Fla. 3d DCA 2005).
Appellant raised the identical issue in the direct appeal from his second sentencing, and this court affirmed. Jackson v. State, 67 So.3d 219 (Fla. 4th DCA 2011). The Florida Supreme Court dismissed review. Jackson v. State, 72 So.3d 746 (Fla. 2011). The U.S. Supreme Court denied his petition for certiorari. Jackson v. Florida, — U.S. -, 132 S.Ct. 1641, 182 L.Ed.2d 239 (2012).
Appellant’s attempt to relitigate his claim of vindictive sentencing is barred by the doctrines of law of the case and collateral estoppel. Concepcion v. State, 944 So.2d 1069, 1071 (Fla. 3d DCA 2006) (citing State v. McBride, 848 So.2d 287 (Fla. 2003)). There is no manifest injustice because appellant’s claim rests on the Pearce presumption of vindictiveness which does not apply where, as here, a different sentencing judge imposes the harsher sentence after retrial. See Texas v. McCullough, 475 U.S. 134, 138-40, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986); Graham v. State, 681 So.2d 1178, 1178 (Fla. 2d DCA 1996).

Affirmed.

WARNER, STEVENSON and MAY, JJ., concur.

. On the first direct appeal, the trial transcript was incomplete and could not be adequately reconstructed. As a result, this court reversed and remanded for a new trial. Jackson v. State, 984 So.2d 668, 669 (Fla. 4th DCA 2008).