NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROLAND P. MOLINA, )
 )
 Appellant, )
 )
v. ) Case No. 2D18-4081
 )
STATE OF FLORIDA, )
 )
 Appellee. )
_____ )

Opinion filed November 6, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Barbara Twine
Thomas, Judge.

Peter Lombardo of Law Office of Peter
Lombardo, Bradenton, for Appellant.


PER CURIAM.

Roland Molina appeals a final order denying his motion to correct illegal

sentence[1] and denying his motion to rule as moot. Although the postconviction court

denied the motion as successive,[2] we affirm because his claim is without legal merit.

---

[1] Mr. Molina filed two identical motions that the postconviction court ruled upon jointly as defendant's "Motion[s] to Correct Illegal Sentence."

[2] The postconviction court relied on a prior 2016 order to deny Mr. Molina's present claim as successive. The 2016 order did not address the legal merit of Mr.

Mr. Molina alleged that his sentence was illegal because the trial court improperly relied on a prior Texas conviction as one of the predicate convictions to sentence him as a violent career criminal (VCC) under section 775.084, Florida Statutes (2002). He argued that the statute required three predicate Florida convictions for VCC sentencing and that the trial court could not use his Texas conviction to satisfy the statute. Mr. Molina was incorrect.

Section 775.084(1)(d)(1) states that " '[v]iolent career criminal' means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(d), if it finds that . . . [t]he defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that is" one of several enumerated offenses. (Emphasis added.) Section 775.084(1)(e) defines "[q]ualified offense" as "any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction," including "that of another state . . . punishable under the law of such jurisdiction at the time of its commission . . . by death or imprisonment exceeding 1 year." The plain language of section 775.084(1)(d) permits a defendant to be sentenced as a VCC if the defendant

---

Molina's claim that he could not be sentenced as a violent career criminal (VCC) because he lacked the predicate convictions. Instead, the trial court found that the claim was not cognizable in a Florida Rule of Criminal Procedure 3.800(a) motion. The determination that the claim could not be raised in a rule 3.800(a) motion was incorrect. See Murph v. State, 921 So. 2d 654, 655 (Fla. 2d DCA 2005) (citing Cook v. State, 816 So. 2d 773 (Fla. 2d DCA 2002)), for the proposition that the defendant's claim that his VCC sentence was illegal because he did not have the requisite prior convictions was cognizable in a motion to correct illegal sentence). Because Mr. Molina's present claim was never addressed on the merits, it could not be denied as successive. See Fla. R. Crim. P. 3.800(a)(2) ("A court may dismiss a second or successive motion if the court finds that the motion fails to allege new or different grounds for relief and the prior determination was on the merits.").

was previously convicted as an adult of three of the enumerated offenses in Florida or another state if the offenses of the other state are substantially similar in elements and penalties to the enumerated Florida offenses.  Because Mr. Molina's argument is without legal merit, we affirm the postconviction court's order.

Affirmed.


LaROSE, BLACK, and LUCAS, JJ., Concur.