DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RANDOLPH SOTO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0901

[March 25, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 062018CF006514A88810.

Patrick J. Curry of Patrick J. Curry, P.A., Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

Multiple robberies, murders, and conspiracy charges involving the defendant and three co-defendants bring this defendant to our court. The defendant appeals his convictions and sentences. He raises four issues. We affirm. We write to address his argument that the trial court erred in sentencing him as a prison releasee reoffender ("PRR").

- ***The Facts***

In 2017, the defendant and three other co-defendants were involved in a two-day crime spree. Multiple victims were robbed at gun point, two victims were killed, and others assaulted. They were all charged with various crimes as a result.

The jury found this defendant guilty of one count of second-degree murder, five counts of armed robbery, one count of assault, and one count

of criminal conspiracy. The jury did not find that the defendant carried a gun.

The trial court sentenced the defendant to life in prison as a PRR on six of the counts and 482.4 months in prison on another count. The trial court found specifically the felony murder and armed robbery offenses "[were] all enumerated felonies" and "they occurred within three years of release from a Department of Corrections facility. . . ."

From his conviction and sentences, the defendant now appeals. After filing the notice of appeal, the defendant moved to correct a sentencing error. His motion requested the trial court to strike the PRR designations in the sentence based on *Erlinger v. United States*, 602 U.S. 821 (2024). The trial court denied the motion.

- ***The Analysis***

The defendant argues his sentence under the PRR statute is unconstitutional. He claims the statute does not allow the trial court to make the necessary findings for a PRR sentence by the preponderance of the evidence. Under *Erlinger*, he suggests his qualification as a PRR should have been determined by a jury.

The State responds the issue is unpreserved because a 3.800(b)(2) motion is incapable of preserving this type of error. The State further suggests that we have held constitutional claims cannot be submitted via a 3.800(a) motion. *See State v. Smith*, 360 So. 2d 21, 23 (Fla. 4th DCA 1978); *State v. Spriggs*, 754 So. 2d 84, 84 (Fla. 4th DCA 2000).[1]

On the merits, the State suggests we need not reach the legal implications of *Erlinger* because any error was harmless.

We have de novo review of orders on motions to correct sentencing errors. *See Abraham v. State*, 339 So. 3d 370, 371 (Fla. 4th DCA 2022) (citing *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016)).

In Florida, a defendant constitutes a prison releasee reoffender when he or she commits a qualifying crime, including robbery, "within 3 years after being released from a state correctional facility operated by the

---

[1] The State acknowledges our contrary authority, *Blair v. State*, 201 So. 3d 800, 802 (Fla. 4th DCA 2016); *Hollingsworth v. State*, 293 So. 3d 1049, 1051 (Fla. 4th DCA 2020), and asks us to recede from those cases. We decline to do so.

Department of Corrections...." § 775.082(9)(a)1., Fla. Stat. (2016). We disagree with the defendant that his sentencing under the PRR statutes was unconstitutional.

First, Florida authority permits the trial court to make such findings. *See Jackson v. State*, 410 So. 3d 4 (Fla. 4th DCA 2025) (discussing *Erlinger* and finding any error in a HFO sentence to be harmless). *See also Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023), *review granted*, No. SC2023-1184, 2024 WL 1796831 (Fla. Apr. 25, 2024) (citing *Robinson v. State*, 337 So. 3d 1275, 1276 (Fla. 2d DCA 2022)) (where the Sixth District held the date of release and qualifying offenses necessary for a PRR sentence were both ministerial matters that need not be addressed by the jury).[2]

And second, even if such a trial court finding was error, we agree with the State, the error would be harmless. Here, the defendant never argued that he did not qualify as a PRR. The Second District reached the same conclusion in *Flournoy v. State*, 415 So. 3d 806, 808–09 (Fla. 2d DCA 2025); *see also Hicks v. State*, 422 So. 3d 607, 608–09 (Fla. 1st DCA 2025). Thus, "there [simply] is no reasonable possibility that the error contributed to the sentence." *Flournoy*, 415 So. 3d at 808–09.

*Affirmed.*

CONNER and LOTT, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] We confronted the same issue in *Calvin v. State*, 419 So. 3d 120 (Mem.) (Fla. 4th DCA 2025). There, we per curiam affirmed the case, citing *Maye*. *See Calvin*, 419 So. 3d at 120; *see also Acosta v. State*, 425 So. 3d 34 (Mem.) (Fla. 4th DCA 2025); *Wilkes v. State*, 423 So. 3d 909 (Mem.) (Fla. 4th DCA 2025); *Wilson v. State*, 423 So. 3d 51 (Mem.) (Fla. 4th DCA 2025).