PER CURIAM.
Christopher Snowden (Snowden) challenges his judgment and sentence for possession of cocaine. His appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record, we agree with his counsel that there are no meritorious issues for appeal except for some errors in the written sentencing documents.
First, we reverse and remand the $265 the trial court assessed for “court costs” as no specific statutory authority for its imposition is cited in the written order. McCray v. State, 665 So.2d 384 (Fla. 1st DCA 1996)(where order does not point to specific statutory authority allowing for recovery of costs in criminal case, order must be reversed and remanded for reference to applicable statute or deletion of unsupported cost). Although the written judgment cites section 943.25(3), Florida Statutes (1993), *975 that particular section merely mandates that three dollars be collected for the Criminal Justice Trust Fund. For the same reason, we reverse and remand the $450 in court costs imposed pursuant to section 27.3455(1), Florida Statutes (1993). Section 27.3455(1) requires a defendant convicted of a felony to pay $200 in court costs. Thus, there is no cited authority for the remaining $250 imposed pursuant to this particular section. We vacate these fees without prejudice to their reimposition upon citation to pertinent statutory authority and upon full compliance with the procedures set forth in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc).
Secondly, the trial court erred in assessing $300 for the services of his public defender where it failed to give Snowden notice of the right to a hearing to contest the amount imposed. Baucham v. State, 676 So.2d 53 (Fla. 1st DCA 1996); Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995). We, therefore, strike the attorney’s fee imposed. On remand, the attorney’s fees may be reimposed after Snowden is given notice and an opportunity to be heard on the amount of the fee.
Finally, we reverse the special condition of probation that Snowden submit to random urinalysis, breathalyzer, or blood tests, as this condition was not orally announced at the sentencing hearing. Justice v. State, 674 So.2d 123 (Fla.l996)(where special probationary condition was not orally pronounced at sentencing hearing but later appeared in written sentence, such condition must be stricken and cannot be reimposed on resentencing).
Accordingly, we reverse and remand the written sentencing order for proceedings consistent herein. Snowden’s judgment of conviction and sentence is affirmed in all other respects.
We accordingly affirm in part, reverse in part, and remand for consistent proceedings.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.