735 So.2d 509 (1999)
Charles ISHMAEL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04339.
District Court of Appeal of Florida, Second District.
April 21, 1999.
Rehearing Denied June 2, 1999.
PER CURIAM.
Charles Ishmael seeks review of an order that summarily denied his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm in part, reverse in part, and remand with directions. We reverse because the trial court failed to refute Ishmael's claim that he was illegally sentenced as a habitual felony offender for possession of cocaine; in all other respects, we affirm the trial court's order denying relief.
Ishmael received two thirty-year habitual felony offender sentences, one for possession of cocaine with intent to sell or deliver and the other for sale of cocaine. On direct appeal from his judgments and sentences, the State conceded Ishmael's sentence on count one was illegal as an *510 offense not subject to habitualization, but this court affirmed the trial court because the sentencing error was not preserved for review. See Ishmael v. State, 711 So.2d 539 (Fla. 2d DCA 1998) (citing in its per curiam affirmance Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997)).
Ishmael argues in his motion that his habitual felony offender sentences on both counts are illegal, rearguing the issue raised on direct appeal as it applies to count one, and asserting that he did not qualify as a habitual felony offender on count two because both prior convictions used to habitualize him were violations of section 893.13, Florida Statutes (1995) for purchase or possession. He indicates that the offenses were committed after June 17, 1993, the effective date of an amendment to section 775.084, Florida Statutes (1993), which proscribes habitual felony offender sentencing for offenses relating to purchase or possession of a controlled substance. This amendment forbids the use of more than one purchase or possession conviction as the predicate offenses necessary for habitualization. The trial court denied relief without any explanation of its denial or attachment of any record to its order.
Claims of this nature may be considered pursuant to rule 3.800(a). See Young v. State, 716 So.2d 280 (Fla. 2d DCA 1998) (holding habitual offender sentence for a defendant who does not qualify for habitual offender treatment is an illegal sentence subject to correction by rule 3.800(a)). If Ishmael's representations are true, he would be entitled to have the habitual felony offender sentences for these offenses set aside and to be resentenced pursuant to the guidelines. See Belton v. State, 673 So.2d 880 (Fla. 2d DCA 1996).
We reverse on Ishmael's claim that his sentence for count one, possession of cocaine, is illegal because he has made a facially sufficient claim for relief unrefuted by the trial court's order of denial. As conceded by the State on direct appeal, this offense is not subject to habitualization. However, we affirm the trial court's denial of relief on Ishmael's second claim that his habitual felony offender sentence for sale of cocaine is illegal; the face of his motion contains sufficient facts to refute his claim that he did not qualify as a habitual felony offender. In his motion Ishmael admits that case number 87-0652, one of the cases used as a predicate offense, contains a count for the sale of cocaine. Use of a sale-of-cocaine offense as a predicate conviction is not proscribed by section 775.084(1)(a)(3), which only prohibits habitualization if both prior offenses are for purchase or possession. Therefore, we affirm the trial court's denial of relief on this claim.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.