STRINGER, Judge.
Johnny Roberts was charged, in a six-count information, with various drug offenses; resisting an officer with violence; and battery on a law enforcement officer. Roberts was tried and found guilty on all counts. He raises two arguments on appeal, the first of which alleges a sentencing error and requires reversal. Roberts also assigns error to the trial court’s denial of his request for a special jury instruction on the use of nondeadly force; however we reject this argument. Because the record before us indicates that Roberts failed to present any evidence in support of his theory of self-defense, a special instruction was not in order. See McInnis v. State, 642 So.2d 831 (Fla. 2d DCA 1994).
Although Roberts failed to file a motion to correct this sentence below, the sentencing error he alleges is serious and patent on the face of the record and may therefore be reviewed for the first time on direct appeal. See Fla. R.Crim. P. 3.800; Gregory v. State, 739 So.2d 100 (Fla. 2d DCA 1999). Roberts received habitual offender sentences for possession of cannabis with intent to sell; sale of cannabis; resisting an officer with violence; battery on a law enforcement officer; and possession of cocaine, counts I-IV and VI, respectively. Roberts contends that counts I, II and VI (possession of cannabis with intent to sell; sale of cannabis; and possession of cocaine) are not subject to habit-ualization pursuant to section 775.084, Florida Statutes (1997).
Section 775.084 is clear, as is case law. Only drug offenses relating to the purchase or the possession of controlled substances are exempt from habit-ualization; defendants sentenced for offenses relating to the sale of narcotics do not enjoy the benefit of this statutory exemption. See § 775.084(l)(a)3.; see also *138 Brown v. State, 744 So.2d 1184 (Fla. 2d DCA 1999) (reversing habitual felony offender sentence for possession of cocaine with intent to sell); Salters v. State, 781 So.2d 791 (Fla. 2d DCA 1999) (reversing habitual felony offender sentence for possession of cocaine). Thus, Roberts’ sentences for counts I and VI were improperly enhanced under the habitual felony offender statute. The sentence imposed for count II, however, was not. We, therefore, reverse and remand for resen-tencing on counts I and VI. Roberts’ judgment and sentences are affirmed in all other respects.
THREADGILL, A.C.J., and BLUE, J., Concur.