782 So.2d 948 (2001)
Joseph A. FERRO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-315.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
*949 Joseph A. Ferro, Lake Butler, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Joseph A. Ferro appeals the trial court's order summarily denying his amended Rule 3.800(a) motion, which raises four grounds. One of those four grounds has merit.
Ferro contends that the trial court erred in imposing a habitual offender sentence on his conviction for count four, possession of cocaine. The state concedes that if this type of error is cognizable under Rule 3.800(a), the habitualized sentence was improper. See, e.g., Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995)(habitual felony offender statute does not permit habitualization of offense relating to purchase or possession of a controlled substance). The alleged error is cognizable under Rule 3.800(a). See Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999). The trial court denied this claim as successive but it appears this precise claim was not previously raised. We vacate the sentence on this count and remand for a non-habitualized sentence. In light of our disposition, the fine is proper. See § 775.083(1)(c), Fla.Stat. (1999). We find no merit to the remaining claims.
AFFIRMED in part; REVERSED in part.
THOMPSON, C.J., and SAWAYA, J., concur.