799 So.2d 344 (2001)
Larry Dewayne HIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2985.
District Court of Appeal of Florida, Second District.
October 26, 2001.
THREADGILL, Judge.
Larry Dewayne Higgins appeals the summary denial of his Florida Rule of *345 Criminal Procedure 3.850 motion. The trial court denied the claim because it was untimely. However, Higgins has stated a facially sufficient Florida Rule of Criminal Procedure 3.800(a) claim which must be addressed on its merits. In addition, the trial court is directed to address a claim not raised by Higgins, but which is apparent on the face of the record before this court. See Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989).
On September 20, 1990, the State filed an information against Higgins charging two weapons violations. Higgins appeared in court on these charges, and on a violation of probation resulting from these charges, was deemed a habitual offender by the court, and was again placed on probation. In March of 1991, Higgins was once again charged with violation of probation. He was given a thirty-year habitual offender sentence consecutive to a ten-year sentence on the weapons violations on the felon in possession of a firearm charge, and a ten-year habitual offender sentence on the carrying a concealed weapon charge.
Higgins claimed in his motion that the firearm charges were nol-prossed. If this is correct, Higgins' probation should not have been revoked the first time. In addition, he should not have been sentenced on these charges when his probation was revoked the second time, according to Higgins. The trial court did not dispute that the charges were nol-prossed. Instead, the trial court determined that this claim was untimely.
If these charges were nol-prossed, the sentencing court was without jurisdiction to sentence Higgins to prison on these charges. See L.C. v. State, 750 So.2d 160 (Fla. 3d DCA 2000). This information should be available in the record; this claim must be addressed on its merits.
In addition, if Higgins' original probation was not the result of a negotiated plea, it was illegal for the court to sentence Higgins as a habitual offender after having placed him on probation at the original sentencing hearing. See Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001). If the sentencing court had jurisdiction to sentence Higgins for violation of probation, and his plea to the charges was not the result of negotiations with the State, Higgins must be resentenced according to the sentencing guidelines in effect at the time of his offenses.
Reversed and remanded.
BLUE, C.J., and DAVIS, J., Concur.