884 So.2d 373 (2004)
Rosalind VIRGIL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-545.
District Court of Appeal of Florida, Second District.
September 10, 2004.
Rosalind Virgil, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa.
VILLANTI, Judge.
Rosalind Virgil appeals the summary denial of her motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's denial of the claim raised by Virgil as being without merit. However, we remand for correction three of Virgil's sentences because it is apparent from the face of the record before this court that the sentences are illegal. See Higgins v. State, 799 So.2d 344 (Fla. 2d DCA 2001).
In circuit court case number 95-15938, Virgil pleaded guilty to possession of cocaine with intent to sell or deliver in violation of section 893.13(1)(a), Florida Statutes (1995). The trial court sentenced her as a habitual felony offender to fifteen years in prison. Pursuant to section 775.084(1)(a)(3), Florida Statutes (1995), a defendant cannot be sentenced as a habitual felony offender for violating section 893.13 relating to the purchase or the possession of a controlled substance. See, e.g., Roberts v. State, 753 So.2d 136 (Fla. 2d DCA 2000); Woods v. State, 807 So.2d 727 (Fla. 1st DCA 2002). This includes the offense of possession of cocaine with intent to sell or deliver. See Roberts, 753 So.2d at 137-38; Ishmael v. State, 735 So.2d 509 (Fla. 2d DCA 1999). Because *374 the habitual felony offender statute prohibited a habitual felony offender sentence for possession of cocaine, Virgil's sentence is illegal and subject to correction under rule 3.800(a). See Carter v. State, 786 So.2d 1173, 1180 (Fla.2001) (holding that a habitual offender sentence is illegal where the habitual offender statute in effect at the time of the offense prohibited the imposition of a habitual offender sentence); Ishmael, 735 So.2d at 510 (holding that such a sentence is illegal and may be corrected pursuant to rule 3.800(a)); Ferro v. State, 782 So.2d 948 (Fla. 5th DCA 2001) (same). This court ordered the State to respond, and the State conceded that the sentence in this case is illegal. Therefore, we remand for the trial court to resentence Virgil in case number 95-15938 pursuant to the guidelines in effect at the time of the offense. See Gadsen v. State, 849 So.2d 358 (Fla. 2d DCA 2003).
It is not apparent from the limited record before this court whether Virgil was sentenced as a habitual felony offender on another count of possession of cocaine with intent to sell or deliver in circuit court case number 95-3049. Therefore, we affirm without prejudice to any right Virgil may have to raise this claim relating to her habitual felony offender sentence in case number 95-3049.
In addition, in circuit court case numbers 95-4623 and 96-06981, Virgil was sentenced as a habitual felony offender to trafficking in cocaine, 28 grams or more but less than 200 grams. These sentences are illegal because section 893.135(1)(b)(1)(a) of the Florida Statutes provides that if the quantity of the cocaine involved is 28 grams or more but less than 200 grams, the defendant shall be sentenced pursuant to the sentencing guidelines.[1]See Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999). Therefore, Virgil could not have been sentenced as a habitual felony offender on these two trafficking offenses. See Fortner v. State, 779 So.2d 462 (Fla. 2d DCA 2000); Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000). This court ordered the State to respond, and the State conceded that the sentences in these two cases are illegal. Accordingly, we remand for the trial court to resentence Virgil on the trafficking offenses in case numbers 95-4623 and 96-06981 pursuant to the sentencing guidelines in effect at the time of the offense in each case.
If, in the above three cases, Virgil entered negotiated pleas to habitual sentences, the trial court must permit the State either to agree to resentencing or to withdraw from the plea agreement and proceed to trial. See Hughes v. State, 850 So.2d 664 (Fla. 1st DCA 2003).
Affirmed but remanded to the trial court for correction of sentences.
ALTENBERND, C.J., and WALLACE, J., Concur.
NOTES
[1] Both the 1993 version of the statute, applicable to circuit court case number 95-4623, and the 1995 version of the statute, applicable to circuit court case number 96-06981, require a defendant to be sentenced pursuant to the guidelines.