DAVIS, Judge.
Johnny James Harrison, Jr., challenges the order of the trial court denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Harrison raised three grounds for relief in his motion.[1] We affirm, without comment, the trial court’s order as it relates to two of the grounds. We reverse the trial court’s order as it relates to the remaining ground.
Harrison pleaded guilty to trafficking in cocaine, 28 grams or more but less than 200 grams, and possession of cocaine with intent to deliver. He was sentenced as a habitual offender to thirteen years’ prison concurrent on each offense. The offenses were committed on June 4, 1996. In ground one of his motion, Harrison alleged that neither offense was subject to habitual offender sentencing under the guidelines in effect at the time.[2] Harrison is correct in this assertion, and he has presented a facially sufficient ground for relief. See *896 Virgil v. State, 2004 WL 2008501, 884 So.2d 373 (Fla. 2d DCA Sept.10, 2004).
Section 893.135(l)(b)(l)(a), Florida Statutes (1995), “provides that if the quantity of the cocaine involved is 28 grams or more but less than 200 grams, the defendant shall be sentenced pursuant to the sentencing guidelines.” Virgil, 884 So.2d at 374. Furthermore, “[p]ursuant to section 775.084(l)(a)(3), Florida Statutes (1995), a defendant cannot be sentenced as a habitual offender for violating section 893.13 relating to the purchase or the possession of a controlled substance.” Id. As noted in Virgil, “[t]his includes the offense of possession of cocaine with intent to sell or deliver.” Id.
We therefore reverse the trial court’s denial of this claim and remand for further proceedings. If, as it appears, Harrison entered a negotiated plea to the habitual offender sentences imposed in this case, “the trial court must permit the State either to agree to resentencing or to withdraw from the plea agreement and proceed to trial.” Id. Otherwise, the trial court must resentence Harrison on each offense pursuant to the guidelines in effect at the time of the offense. See Virgil, 884 So.2d at 374.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and VILLANTI, JJ., Concur.

. In ground one of his motion, Harrison actually presented two grounds for relief.

. The trial court did not specifically address this claim in its order denying Harrison's motion.