974 So.2d 512 (2008)
Burman WINTHROP, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1782.
District Court of Appeal of Florida, Second District.
February 1, 2008.
*513 VILLANTI, Judge.
Burman Winthrop appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Despite the motion's lack of clarity, it raises a valid claim that Winthrop's habitual felony offender sentence for possession of cocaine in case number 98-02747 is illegal. Thus we reverse and remand for resentencing on this conviction only. In all other respects, we affirm.
Winthrop was convicted of one count of sale of cocaine and one count of possession of cocaine under section 893.13, Florida Statutes (Supp.1998), in each of two separate cases. In case number 98-02747, he was sentenced as a habitual felony offender to twenty years in prison on the sale conviction and a concurrent ten years in prison on the possession conviction. In case number 98-02749, Winthrop was sentenced as a habitual violent felony offender to twenty years in prison on the sale conviction and ten years in prison on the possession conviction. The sentences in both cases were ordered to run concurrently.
In his rule 3.800(a) motion, Winthrop challenged the legality of his sentences as a habitual felony offender and habitual violent felony offender. We find no error in his sentences as they relate to his sale conviction in case number 98-02747 or his sale and possession convictions in case number 98-2749. However, Winthrop's habitual felony offender sentence for his possession conviction in case number 98-02747 is illegal and must be reversed.
This court has held that "lplursuant to section 775.084(1)(a)(3), Florida Statutes (1995), a defendant cannot be sentenced as a habitual felony offender for violating section 893.13 relating to the purchase or the possession of a controlled substance." Virgil v. State, 884 So.2d 373, 373 (Fla. 2d DCA 2004). While Virgil dealt with the 1995 version of section 775.084(1)(a), the 1998 version of that statute also prohibited habitual felony offender sentencing for possession of cocaine. See § 775.084(1)(a)(3), Fla. Stat. (Supp.1998); see also Carter v. State, 786 So.2d 1173, 1180 (Fla.2001) (holding that "a habitual offender sentence, which is solely a creature of statute, is illegal where the habitual offender statute in effect at the time of the offense prohibited the imposition of a habitual offender sentence"). No such exception for convictions under section 893.13 existed in the habitual violent felony offender statute in effect when Winthrop committed his crimes. See § 775.084(1)(b).
Because Winthrop was illegally sentenced as a habitual felony offender for possession of cocaine in case number 98-02747, we reverse his sentence on that conviction in that case only. On remand, the circuit court must strike the habitual felony offender designation on that conviction and resentence Winthrop pursuant to the guidelines in effect at the time that offense was committed. The remainder of Winthrop's sentences are legal and are affirmed.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and LaROSE, JJ., Concur.