DAVIS, Judge.
Michael Dale Jones challenges the order of the posteonviction court granting in part and denying in part his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In the motion, Jones sought twenty-one days’ credit against his prison sentences in two trial court cases for the time that he allegedly spent in the juvenile detention *1147 center prior to the transfer of the cases to the criminal division of the circuit court. Jones also sought credit for any time subsequently spent in the county jail prior to the disposition of his cases.
Jones’ claims are facially insufficient because he failed to allege that his entitlement to relief is determinable from the face of the circuit court record. See Stathas v. State, 852 So.2d 881, 882 (Fla. 2d DCA 2008). To the extent that the post-conviction court already has addressed the claims for county jail credit on their merits, we affirm the denial of those claims. Cf. Sweeney v. State, 944 So.2d 474, 474 (Fla. 4th DCA 2006) (concluding that remanding for the entry of a procedurally correct order “would be a waste of judicial resources and thus we choose to affirm on the merits”).
There is currently nothing in the record before this court to refute Jones’ claim that he is entitled to credit for the time he spent in juvenile detention. Time spent in such detention is credited like time spent in county jail. See Hannah v. State, 876 So.2d 655, 656 (Fla. 2d DCA 2004); Smith v. State, 664 So.2d 1076, 1076 (Fla. 2d DCA 1995). Although we affirm the summary denial of this claim because as alleged it is facially insufficient, our affirmance is without prejudice to Jones’ filing a facially sufficient motion seeking any credit due him for the time he spent in juvenile detention prior to his convictions. See Orta v. State, 41 So.3d 1092 (Fla. 5th DCA 2010).
Affirmed.
MORRIS and KHOUZAM, JJ„ Concur.