WHATLEY, Judge.
Isaac Sutton challenges his convictions for sale or delivery of a controlled substance within 1000 feet of a school and possession of cocaine. He also challenges his sentence for the possession conviction. Although we agree with Sutton that the trial court made an evidentiary error, we find that error harmless and affirm his convictions, but we reverse his sentence for possession of cocaine and remand for resentencing.
The trial court erroneously precluded Sutton’s sister from giving her lay opinion that the voice of the man on the videotape who agreed to sell the undercover officer cocaine was not her brother’s. The trial court was of the belief that the sister’s testimony would invade the province of the jury to determine the ultimate issue of identity by viewing the videotape for themselves. “However, if an opinion is *984 otherwise admissible, it is not objectionable just ‘because it includes an ultimate issue to be decided by the trier of fact.’ ” State v. Cordia, 564 So.2d 601, 602 (Fla. 2d DCA 1990) (quoting section 90.703, Florida Statutes (1989), which is identical to the version of the statute applicable here). Nevertheless, our careful review of the videotape and the trial transcript reveals that the court’s error in this regard was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The State concedes that Sutton was improperly sentenced as a habitual offender for possession of cocaine. See § 775.084(l)(a)(3), Fla. Stat. (2007); Winthrop v. State, 974 So.2d 512 (Fla. 2d DCA 2008). Accordingly, we reverse Sutton’s sentence for possession of cocaine and remand with directions to the circuit court to strike the habitual offender designation on that conviction and resentenee Sutton pursuant to the guidelines.
Affirmed in part; reversed in part; and remanded with directions.
ALTENBERND and DAVIS, JJ„ Concur.