PER CURIAM.
On May 6, 2002, Appellant pled no contest to sexual battery, and, based on the negotiated plea, the trial court sentenced him to 12 years’ imprisonment followed by 18 years’ probation. The court imposed a condition of probation curtailing Appellant’s ability to have contact with his wife. Appellant’s appeal from the conviction and sentence was dismissed as untimely.
In June 2012, Appellant filed a motion under Florida Rule of Criminal Procedure 3.800(a) to correct his sentence, alleging that the court’s oral and written pronouncements of the condition prohibiting contact with Appellant’s wife differ. Appellant asserted that although the court orally permitted limited contact with his wife as necessary for the couple’s divorce proceedings, the written order contains a blanket prohibition of contact. The trial court denied Appellant’s motion, finding that the oral pronouncement is clear, and that the assistant state attorney had contacted Appellant’s probation officer, who affirmed that he will permit Appellant to have contact with his wife only as needed to obtain the divorce.
“[A] written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence.” Williams v. State, 957 So.2d 600, 603 (Fla.2007). Any discrepancy between the oral and written pronouncements is resolved in favor of the oral pronouncement. See id.; Harder v. State, 14 *1158 So.3d 1291, 1293 (Fla. 1st DCA 2009). Accordingly, we reverse the order denying Appellant’s rule 3.800(a) motion, and remand for the trial court to enter a corrected order of probation clarifying the extent to which Appellant may have contact with his wife.
REVERSED and REMANDED.
BENTON, C.J., ROWE, and MARSTILLER, JJ., concur.