PER CURIAM.
This is an appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), of a judgment and sentence for burglary of an occupied dwelling and grand theft of a motor vehicle. We affirm Appellant’s convictions without discussion. However, as the State correctly concedes, the trial court erred in imposing a $300 public defender lien pursuant to sections 27.562 and 938.29, Florida Statutes, a $200 fine pursuant to section 775.083(1), Florida Statutes, and a $10 surcharge pursuant to section 938.04, Florida Statutes, without giving Appellant notice and an opportunity to be heard. See § 938.29(1)(a), Fla. Stat. (2014) (mandating a $100 minimum public defender lien per felony case); § 27.52(1)(b), Fla. Stat. (2014) (mandating a $50 application fee); § 775.083(1), Fla. Stat. (2014) (authorizing the imposition of fines); § 938.04, Fla. Stat. (2014) (providing for a court cost of a five-percent surcharge); Odom v. State, 187 So.3d 324, 325 (Fla. 1st DCA 2016) (explaining that “[p]ursuant to sections *641 938.29(1)(a) and 27.52, the Legislature has required the imposition of a minimum fee of $100 for- the assistance of the public defender’s office and a $50 application fee. A notice and hearing are not required before imposition of this minimum lien amount”; however, a trial court is required to give the defendant notice and an opportunity to be heard before imposing a lien amount beyond the minimum); Mills v. State, 177 So.3d 984, 985-88 (Fla. 1st DCA 2015) (en banc) (explaining that the fíne authorized by section 775.083(1) is discretionary and.its imposition thus requires notice, an opportunity to be heard, and specific pronouncement at the sentencing hearing and that the surcharge imposed pursuant to section 938.04 must also be reversed when the fine is reversed). Accordingly, we reverse the $300 public defender lien, the $200 fíne, and the $10 surcharge and remand with directions that the trial court may reimpose these costs after providing notice to Appellant and following the proper procedures. Lastly, we direct the trial court to clarify in the written sentence that Appellant’s designation as a prison releasee reoffender applies only to the offense of burglary of an occupied dwelling (Count 1)'.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
ROBERTS, C.J., LEWIS, and RAY, JJ., concur.