ORDER STRIKING ANDERS BRIEF

PER CURIAM.
Appellant filed an initial brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which requires that this court independently “examine the' record to the extent necessary to discover any errors apparent on- the face of the record.” State v. Causey, 503 So.2d 321, 322 (Fla.1987). Upon review by the court, it appears that a-sentencing error may exist. The scoresheet completed for sentencing and included in the record indicates Appellant' was assigned 14.8 total sentencing points. Under section 775.082(10), Florida Statutes:
If a defendant is sentenced for an offense committed on or after Julyl, 2009, which is a third degree felony but not a forcible felony' as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total séntence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present' a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.
Here, Appellant was sentenced to twenty-four (24) months in state prison. This sentence is not supported by the score-sheet of 14.8 total sentencing points. Furthermore, the trial court made no written findings, supported by the record, to justify an upward departure from the presumptive mandatory sentencing of section *642 775.082(10), Fla. Stat. Jones v. State, 771 So.3d 173, 175 (Fla. 1st DCA 2011).
In addition, the scoresheet at issue refers to docket # 15-5140, which is the docket number for the new law violation, burglary of a dwelling. The correct case number under which Appellant was sentenced and which is the basis for this appeal is docket # 15-0664, the original charge for credit card fraud. The score-sheet, despite the incorrect docket number listing, does refer to the correct primary offense.
The Order of Revocation also contains an error. The oral pronouncement of the trial court declared violations of “Conditions 2, 5 and 8”. However, the Order of Revocation documents violations of “Conditions 2, 3 and 8”. The Order should be corrected to comport with the oral pronouncement made by the trial court.
Accordingly, on the court’s own motion and pursuant to Florida Rule of Appellate Procedure 9.140(g)(2)(B), the initial brief filed May 5, 2016, is stricken in order to permit the filing of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Counsel for appellant shall file the motion with the lower tribunal within twenty days of the date of this order, and the lower tribunal is directed to resolve the motion in accordance with rule 3.800(b)(2)(B). The clerk of the lower tribunal shall thereafter transmit a supplemental record on appeal pursuant to Florida Rule of Appellate Procedure 9.140(f)(6), and counsel for appellant shall file an amended initial brief within twenty days following transmittal of the supplemental record.
BILBREY, KELSEY, and M.K. THOMAS, JJ., concur.