IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEPHEN TRUSTY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1233

_____/

Opinion filed February 14, 2017.

An appeal from the Circuit Court for Bay County.
Elijah Smiley, Judge.

Andy Thomas, Public Defender, and Mark Graham Hanson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Stephen Trusty appeals his convictions and sentences for second-degree murder and witness tampering, raising five grounds for reversal. We affirm on all grounds with the exception of the assessment of certain costs and fines. We find

that the trial court erred in imposing these costs and fines, and therefore accept the State's proper concession of error.[*]

At sentencing, the court stated that it would "impose a five thousand dollar cost on [the] case," but did not specify the various bases for its assessment. The written order, however, listed several individual costs with statutory citations, as well as a fine in the amount of $3,878.85, with a five percent surcharge of $204.15, for a total assessment of $5,000. Many of the individual costs imposed were mandatory, and the court was not required to separately identify those assessments at the sentencing hearing. Lang v. State, 856 So. 2d 1105, 1107 (Fla. 1st DCA 2003) (citing Reyes v. State, 655 So. 2d 111, 116 (Fla. 2d DCA 1995)).

However, a fine pursuant to section 775.083, Florida Statutes (2014), is discretionary, and may not be imposed without notice and an opportunity to be

---

[*]The State also conceded error with regard to Trusty's claim that the criminal punishment scoresheet incorrectly classified his tampering with a witness conviction as a level nine offense, arguing that it should have been classified as a level four offense. This concession was incorrect because witness tampering is a level four offense only when the relevant investigation or proceeding is a third-degree felony. See § 914.22, Fla. Stat. (2014) (classifying witness tampering offenses based on the affected investigation or proceeding); § 21.0022, Fla. Stat. (2014) (providing that the statutory references and offense degree designations in the offense severity ranking chart are controlling, and ranking the third-degree felony of tampering with a witness as a level four offense). Here, because Trusty's tampering conviction relates to a proceeding or investigation for a higher degree offense—second-degree murder—it is classified in accordance with section 921.0023, Florida Statutes. See §§914.22, 921.0022, 921.0023, Fla. Stat. (2014).

2

heard.  Mills v. State, 177 So. 3d 984, 988 (Fla. 1st DCA 2015).  Because the court did not follow the proper procedure in imposing the $3,878.85 fine, it must be stricken.  See id.  Further, where such a fine is imposed without proper notice, its corresponding surcharge must also be stricken.  Id.  If the court wishes to reimpose the fine and surcharge on remand, it may do so after providing the requisite notice and opportunity to be heard.  Id.

Similarly, Trusty challenges a $300.00 appointed attorney lien payment assessment.  While section 938.29, Florida Statutes, mandates a legal assistance lien assessment of "no less than $100 per case when a felony offense is charged," and authorizes a higher amount "upon a showing of sufficient proof of higher fees or costs incurred," a trial court is required to give the defendant notice and an opportunity to be heard prior to imposing a fee in excess of the statutory minimum.  Carmichael v. State, 192 So. 3d 640 (Fla. 1st DCA 2016).  Here, because Trusty was not given notice and an opportunity to be heard regarding the discretionary portion of the assessment, it must be stricken.  On remand, the court may reimpose this cost after complying with the proper procedure.  Id.

Next, Trusty challenges the imposition of a $2.00 cost for the Gulf Coast College Community Justice Assessment Center.  Section 318.18, Florida Statutes, authorizes an assessment of two dollars for offenses involving motor vehicles, but is not applicable to Trusty's convictions.  Thus, this assessment was unauthorized and

3

must be stricken.  See, e.g., Renaud v. State, 660 So. 2d 408, 408 (Fla. 1st DCA 1995) (remanding with directions to strike unauthorized cost).

Finally, Trusty challenges a $50.00 fine imposed for the Drug Abuse Trust Fund.  While section 938.298 authorizes such a fine in cases involving certain alcohol or drug offenses, and section 893.165 provides for those fines to go toward Drug Abuse Trust Funds established at the county level, Trusty was not convicted of one of these offenses.  Thus, this assessment was unauthorized and must be stricken.  See Renaud, id.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions.

B.L. THOMAS, ROWE, and WINSOR, JJ., CONCUR.