IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES M. CLARK,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4773

Opinion filed July 11, 2017.

An appeal from an order of the Circuit Court for Calhoun County.
Allen L. Register, Judge.

Andy Thomas, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

*ORDER STRIKING ANDERS BRIEF*

PER CURIAM.

    Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). This Court is required to perform an independent review "to discover

any errors apparent on the face of the record." *State v. Causey*, 503 So. 2d 321, 322 (Fla. 1987). It appears the face of this record reveals multiple sentencing errors.

First, the court imposed all fines, fees, costs, and surcharges as a lump sum, including a discretionary fine pursuant to section 775.083(1), Florida Statutes, and the corresponding surcharge. *See Trusty v. State*, 210 So. 3d 758, 760 (Fla. 1st DCA 2017) (striking discretionary fine and corresponding surcharge because court ordered as a lump sum). Second, the court imposed a $300 public defender fee without providing Appellant notice or an opportunity to be heard on that fee. *See id.* (striking public defender fee greater than the $100 statutory minimum because for fees greater than the minimum, the court "is required to give the defendant notice and an opportunity to be heard"). Third, there is a discrepancy between the court's oral pronouncement of the total amount of fines, fees, and costs and the total listed in Appellant's written judgment and sentence. *See Ramos v. State*, 156 So. 3d 591, 591-92 (Fla. 1st DCA 2015) (mem.) (explaining "a discrepancy between the total amount orally announced and the total reflected in the written judgment and sentence" is a sentencing error); *Whitney v. State*, 108 So. 3d 1157, 1157-58 (Fla. 1st DCA 2013) (explaining a written sentence that differs from the oral pronouncement is an illegal sentence).

Accordingly, on the Court's own motion and pursuant to Florida Rule of

Appellate Procedure 9.140(g)(2)(B), the initial brief filed February 17, 2017, is stricken in order to permit the filing of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Counsel for Appellant shall file the motion with the lower tribunal within twenty days of the date of this order, and the lower tribunal is directed to resolve the motion in accordance with rule 3.800(b)(2)(B). The clerk of the lower tribunal shall thereafter transmit a supplemental record on appeal pursuant to Florida Rule of Appellate Procedure 9.140(f)(6), and counsel for Appellant shall file an amended initial brief within twenty days following transmittal of the supplemental record. *See Adams v. State*, 197 So. 3d 641, 642 (Fla. 1st DCA 2016).

WOLF and ROWE, JJ., and GRIFFIS III, STANLEY H., ASSOCIATE JUDGE, CONCUR.