IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

March 21, 2018


NORRIS HUBBARD, JR.,                    )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No.  2D14-5977
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____ )

BY ORDER OF THE COURT

          The appellant's motion for rehearing, filed January 18, 2018, is granted  to

the extent that this court's prior opinion of January 17, 2018, is withdrawn and in its

stead we substitute this order.  No further motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL
CLERK

NORRIS HUBBARD, JR.,                    )
                                        )
                Appellant,              )
                                        )
v.                                      )          Case No.  2D14-5977
                                        )
STATE OF FLORIDA,                       )
                                        )
                Appellee.               )
_____ )

Opinion filed March 21, 2018.

Appeal from the Circuit Court for Charlotte
County; Amy R. Hawthorne, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


**ORDER STRIKING INITIAL BRIEF**

LaROSE, Chief Judge.


Norris Hubbard, Jr., seeks review of his judgment and sentences for

possession and sale of cocaine.  We have jurisdiction.  See Fla. R. App. P.

9.140(b)(1)(A), (F).  Appellant's counsel filed a brief pursuant to Anders v. California,

386 U.S. 738 (1967), in which she represented that she "can find no meritorious

argument to support the contention that the trial court committed significant reversible

error."[1]  We must conduct an independent review of the record following such briefing. See In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991) (stating that following "counsel's submission of . . . an Anders brief . . . [t]he appellate court then assumes the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record").  Our review reveals a sentencing error apparent on the face of the record.  Accordingly, we strike counsel's brief under the authority of Florida Rule of Appellate Procedure 9.140(g)(2)(B).  See Clark v. State, 223 So. 3d 1126, 1126-27 (Fla. 1st DCA 2017) (striking Anders brief pursuant to rule 9.140(g)(2)(B) and directing appellate counsel to file motion to correct sentencing error upon court's discovery of "multiple sentencing errors"); K.O. v. State, 228 So. 3d 162, 163 (Fla. 1st DCA 2016) (striking Anders brief to allow appellate counsel to file motion with the trial court under Florida Rule of Criminal Procedure 3.800(b) addressing sentencing error uncovered by appellate court); Adams v. State, 197 So. 3d 641, 642 (Fla. 1st DCA 2016) ("[O]n the court's own motion and pursuant to Florida Rule of Appellate Procedure 9.140(g)(2)(B), the [Anders] brief . . . is stricken in order to permit the filing of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).").

Following the jury's return of guilty verdicts, the trial court sentenced Mr. Hubbard to concurrent terms of fifteen years' imprisonment on the sale and five years' imprisonment for the possession.  The trial court designated him a habitual felony

---

[1]We note that counsel's representation imposes a higher standard than that contemplated by the Court in Anders.  See Chapman v. State, 186 So. 3d 3, 6 (Fla. 2d DCA 2015) ("Counsel's representation in this case that she 'is unable to make a good faith argument that reversible error occurred in the trial court' seems to this court to place the bar somewhat higher than that intended by the guidance in Anders.")

offender (HFO) for both offenses. However, the HFO designation for Mr. Hubbard's possession offense is improper.

Under section 775.084(1)(a)(3), Florida Statutes (2013), a defendant is subject to enhanced HFO sentencing when "[t]he felony for which the defendant is to be sentenced . . . is not a violation of [section] 893.13 relating to the . . . possession of a controlled substance." See also Coleman v. State, 927 So. 2d 1048, 1048 (Fla. 2d DCA 2006) ("Section 775.084(1)(a)(3) . . . precludes sentencing a defendant as a habitual felony offender for violating section 893.13 relating to purchase or possession of a controlled substance."); Virgil v. State, 884 So. 2d 373, 373-74 (Fla. 2d DCA 2004) (holding that a defendant may not be sentenced as a HFO for the offense of possession of a controlled substance); Roberts v. State, 753 So. 2d 136, 137 (Fla. 2d DCA 2000) ("Only drug offenses relating to the purchase or the possession of controlled substances are exempt from habitualization; defendants sentenced for offenses relating to the sale of narcotics do not enjoy the benefit of this statutory exemption.").

Pursuant to rule 9.140(g)(2)(B), we strike the Anders brief so that counsel may file a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to correct the sentencing error identified above. Within twenty days of the date of this order, counsel shall file such motion with the trial court, which the trial court shall dispose of in accordance with the procedures enumerated in rule 3.800(b)(2)(B). Following disposition, the clerk of the court shall transmit a supplemental record pursuant to Florida Rule of Appellate Procedure 9.140(f)(6), and counsel shall file an amended initial brief within twenty days following transmittal of the supplemental record.

LUCAS and BADALAMENTI, JJ., Concur.