# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D21-2947
_____

KAHASIM RASHID BROWN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the County Court for Escambia County.
Kerra Smith, Judge.

September 21, 2022

ORDER STRIKING ANDERS BRIEF

PER CURIAM.

Following a jury trial, Appellant was convicted of one count of driving under the influence (DUI) causing property damage (second offense), and one count of leaving the scene of an accident involving property damage. Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this Court has conducted the review required by *Anders*, *State v. Causey*, 503 So. 2d 321 (Fla. 1987), and Florida Rule of Appellate Procedure 9.140(g)(2)(A). We affirm the judgment, but because our review reveals several sentencing errors, we strike the *Anders* brief to allow counsel to seek relief under Florida Rule of Criminal Procedure 3.800(b)(2). *See* Fla. R. App. P. 9.140(g)(2)(b).

First, the trial court erred by ordering that Appellant's driver's license be suspended for five years. A five-year suspension is authorized only when the driver had another DUI conviction within the preceding five years. § 322.28(2)(a)2., Fla. Stat. (2020). Appellant's previous DUI conviction occurred more than five years before this one.

Second, only $374 of the $456 court costs assessed on the DUI count are supported by the statutes and county ordinances listed in the court's written order. *See* §§ 938.01, 938.03, 938.05, 938.06, 938.07, 938.13, 938.19, 939.185, 775.083(2), 318.18(17), Fla. Stat.; ESCAMBIA CNTY., FLA. ORDINANCES §§ 34-7, 34-9 (authority for up to $374 in costs). The remaining $82 in costs was imposed in error.

While it is not clear what the additional $82 in costs covered, two of the other provisions listed in the trial court's order—sections 938.27 and 318.18(18)—do not apply to this case. Under section 938.27, a trial court may assess a minimum of $50 in prosecution costs for a misdemeanor, but the State is required to request such costs (which it did not do here), and the State is further required to demonstrate a factual basis for assessing costs above the $50 minimum (which it also did not do here). *See Richards v. State*, 288 So. 3d 574, 576 (Fla. 2020) (holding that the State is required to ask a trial court to assess prosecution costs); *Jenkins v. State*, 332 So. 3d 1013, 1018 (Fla. 4th DCA 2022) (holding that the State bears the burden of proving that costs of prosecution exceed $50 statutory minimum).

Section 318.18(18) provides for a $12.50 administrative fee, but it only applies with respect to noncriminal violations, and is thus inapposite to Appellant's DUI conviction. The final remaining listed provision, section 938.15, provides for a $2 assessment for criminal justice education. However, to be operative, it requires enactment via local government ordinance. No such ordinance is cited in the written order as is required. *See Snowden v. State*, 685 So. 2d 974, 975 (Fla. 1st DCA 1996) (holding that authority for a court cost imposed in a criminal case must be cited in trial court's written order).

To the extent the unaccounted-for sum of $82 in court costs consists of prosecution costs under section 938.27, the costs may

not be re-imposed on remand. *See Skinkle v. State*, No. 5D21-2504, 2022 WL 1592566 at \*1 (Fla. 5th DCA May 20, 2022) (holding that State's failure to request prosecution costs constitutes a waiver of those costs). However, to the extent the sum consists of other court costs, it may be re-imposed on remand following the proper procedures (i.e., citation to the controlling statutes and/or local ordinances). *See Snowden*, 685 So. 2d at 975.

The third sentencing error lies in the $30 State facilities surcharge imposed as to Count 3 under section 318.18(13)(a)1., Florida Statutes. Like section 938.15, this surcharge requires adoption by local government ordinance. The ordinance is not cited in the written order as required. The surcharge may be re-imposed with the necessary citations. *See id.*

The final two sentencing errors lie in the trial court's modification of Appellant's monetary obligations. On Appellant's motion, the trial court authorized Appellant to perform community service at a rate of $10 per hour in lieu of paying fines and court costs. As to the fines, this alternative is only permissible with respect to the DUI count (for which Appellant was fined $3,000\*). *See* § 316.193(6)(m), Fla. Stat. (providing that a trial court may "order that the defendant participate for a specified additional period of time in public service or a community work project in lieu of payment of that portion of the fine which the court determines the defendant is unable to pay"). Community service is not an authorized alternative to the payment of the $250 fine assessed on the leaving-the-scene count. Rather, regarding this count—a second-degree misdemeanor—section 775.083(1), Florida Statutes, provides that "[i]f a defendant is unable to pay a fine, the court may defer payment of the fine to a date certain."

The last error is the trial court's authorizing Appellant to perform community service in lieu of paying court costs. Former section 27.3455, Florida Statutes, which authorized trial courts to allow a defendant to perform community service in lieu of paying

---

\* This fine was authorized pursuant to the jury finding that Appellant had a breath-alcohol level of 0.15 or higher. *See* § 316.193(4)(a), Fla. Stat.

court costs, was amended nearly four decades ago to remove this alternative. *See Calhoun v. State*, 522 So. 2d 509, 510 (Fla. 1st DCA 1988) (ordering defendant's resentencing pursuant to amended version of section 27.3455, acknowledging that the amended version deletes the community service alternative for indigent defendants); *Price v. State*, 620 So. 2d 1105, 1106 (Fla. 4th DCA 1993) ("The statute authorizing the imposition of community service in lieu of costs was amended effective October 1, 1986, and eliminated this alternative."); *see also Garrison v. State*, 685 So. 2d 53, 55 (Fla. 2d DCA 1996); *Bush v. State*, 579 So. 2d 362, 363 (Fla. 4th DCA 1991); *Sims v. State*, 520 So. 2d 675, 675 (Fla. 5th DCA 1988).

Accordingly, on the Court's own motion and pursuant to Florida Rule of Appellate Procedure 9.140(g)(2)(B), the initial brief filed January 25, 2022, is stricken in order to permit the filing of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Counsel for Appellant shall file the motion with the lower tribunal within twenty days of the date of this order, and the lower tribunal is directed to resolve the motion in accordance with rule 3.800(b)(2)(B). The clerk of the lower tribunal shall thereafter transmit a supplemental record on appeal pursuant to Florida Rule of Appellate Procedure 9.140(f)(6), and counsel for Appellant shall file an amended initial brief within twenty days following transmittal of the supplemental record. *See Adams v. State*, 197 So. 3d 641, 642 (Fla. 1st DCA 2016).

B.L. THOMAS, KELSEY, and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.