DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WILBERT TONY SHEPPARD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

No. 2D2024-2698
_____

June 6, 2025

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Hillsborough County; Robin F. Fuson, Judge.

SMITH, Judge.

In this summary postconviction appeal, Wilbert Tony Sheppard challenges an order dismissing his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). While the trial court erred in dismissing the motion as successive, that error was harmless because the motion is without merit. We affirm.

I.

Mr. Sheppard was convicted of delivery of cocaine within 1,000 feet of a school and sentenced to thirty years' imprisonment as a habitual felony offender (HFO). In his rule 3.800(a) motion, he argues that his sentences for two robbery convictions in case number 88-CF-6335 were

imposed during the same sentencing hearing and therefore could only count as one prior felony under the HFO statute. He further argues that his possession of cocaine conviction in case number 97-CF-18731 was not a qualifying prior felony under the statute. Mr. Sheppard contends that he therefore had only one qualifying prior felony and his HFO sentence is illegal.

The postconviction court dismissed the motion as successive, finding that it had previously denied the same claim. While one of the prior orders attached to the dismissal order denied Mr. Sheppard's claim that his possession of cocaine conviction was not a qualifying prior felony, his motion for rehearing correctly pointed out that the dismissal order and attached prior orders did not address the sequential felony argument of the rule 3.800(a) motion. And although Mr. Sheppard's argument in the current motion was related to the claim denied in one of the attached prior orders, it was not identical and the postconviction court erred by dismissing the current motion as successive. *See Jones v. State*, 161 So. 3d 412, 413 (Fla. 2d DCA 2014) ("While these claims are closely related, they are not identical, and the denial on the merits of the January 2012 motion does not render the allegation in the December 20, 2012, motion successive."). Instead, the postconviction court should have denied the motion on the merits.

## II.

To be sentenced as a habitual felony offender, a defendant must have "previously been convicted of any combination of two or more felonies in this state or other qualified offenses." § 775.084(1)(a)1., Fla. Stat. (2004). "In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction . . . sentenced separately from any other felony conviction that

is to be counted as a prior felony." § 775.084(5). This has been referred to as the "sequential conviction" or "sequential felony" requirement. *See Bover v. State*, 797 So. 2d 1246, 1251 (Fla. 2001).

Additionally, "one of the two prior felony convictions" cannot be for "a violation of s. 893.13 relating to the purchase or the possession of a controlled substance." § 775.084(1)(a)3. This does not mean that purchase or possession of a controlled substance can never qualify as a prior felony under the HFO statute. On the contrary, one prior felony for purchase or possession qualifies if the other prior felony does not. *See Ishmael v. State*, 735 So. 2d 509, 510 (Fla. 2d DCA 1999) ("[S]ection 775.084(1)(a)(3) . . . only prohibits habitualization if both prior offenses are for purchase or possession."); *Lake v. State*, 199 So. 3d 978, 978 (Fla. 4th DCA 2016) ("Appellant alleged that one of the two prior felony convictions serving as a predicate for his habitual offender designation was a conviction for possession of cocaine. However, that is authorized under section 775.084(1)(a)3 . . . .").

### III.

Even taking as true Mr. Sheppard's factual assertions regarding his prior felonies in his rule 3.800(a) motion, the motion is without merit for two reasons. First, Mr. Sheppard asserts that his two robbery convictions in case number 88-CF-6335 were imposed during the same sentencing hearing. For this reason, the robbery convictions cannot be sequential and can only count as one prior felony for HFO purposes under section 775.084(5). Second, the motion does not assert that his possession of cocaine conviction in case number 97-CF-18731 was sentenced in the same proceeding as his robbery convictions.

At the end of the day, Mr. Sheppard is left with two prior sequential convictions—one for robbery and one for possession of cocaine. He

3

argues that the possession of cocaine conviction does not qualify under the HFO statute. But as one of the postconviction court's prior orders correctly found, Sheppard is incorrect. Because only one of the prior felonies is a violation of section 893.13 relating to the purchase or possession of a controlled substance, both prior felonies qualify. *See Ishmael*, 735 So. 2d at 510 ("[S]ection 775.084(1)(a)(3) . . . only prohibits habitualization if *both* prior offenses are for purchase or possession." (emphasis added)). And, therefore, the motion is without merit.

## IV.

Having determined that the motion is meritless, it follows that in the "context" of this case the error here was harmless. *See, e.g.*, *Heuss v. State*, 687 So. 2d 823, 824 (Fla. 1996) (holding that an appellate court may apply the harmless error test sua sponte); *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) ("The unique function of the harmless error rule is to conserve judicial labor by holding harmless those errors which, in the context of the case, do not vitiate the right to a fair trial . . . ."); *see also Jones v. State*, 53 So. 3d 1146, 1147 (Fla. 2d DCA 2011) (declining to remand to the postconviction court to enter a procedurally correct order disposing of a rule 3.800(a) motion); *Sweeney v. State*, 944 So. 2d 474 (Fla. 4th DCA 2006) (affirming on the merits after the postconviction court improperly dismissed a rule 3.800(a) motion but where the movant was not entitled to relief on the face of the record, stating that "[r]emand for . . . an order [denying the motion on the merits] would be a waste of judicial resources and thus we choose to affirm on the merits"). Accordingly, we affirm.

Affirmed.

SILBERMAN and MORRIS, JJ., Concur.

_____

4

Opinion subject to revision prior to official publication.